FILED

SEP 23 2016

*Angie E. Kochan*
CLERK OF THE CIRCUIT COURT

IN THE CIRCUIT COURT
FIRST JUDICIAL CIRCUIT
WILLIAMSON COUNTY, ILLINOIS

ERIC DUCLOS,                              )
                                          )
    Plaintiff,                            )
                                          )
v.                                        )   Case No. 16L133
                                          )
ALTEC INDUSTRIES, INC.,                   )
a corporation, ALTEC, INC.,               )
a corporation, and                        )
J.J. KANE ASSOCIATES, INC.,               )
d/b/a J.J. KANE AUCTIONEERS,              )
                                          )
    Defendants.                           )

## COMPLAINT

### COUNT I
(Negligence v. Altec Industries, Inc.)

COMES NOW the Plaintiff, ERIC DUCLOS, by and through his attorneys, **KEEFE, KEEFE & UNSELL, P.C.**, and for Count I of his Complaint against the Defendant, ALTEC INDUSTRIES, INC., states:

1. That on or about October 9, 2012 and at all times herein mentioned, defendant Altec Industries, Inc., was an Alabama corporation, authorized and doing business in Williamson County, Illinois as a designer, manufacturer, marketer, and distributer of aerial units for the electric utility industry, including the articulating overcenter aerial device involved in Plaintiff's accident.

2. That on or about October 9, 2012 and at all times herein mentioned, defendant Altec, Inc., was an Alabama

Page 1



corporation, authorized and doing business in Williamson County, Illinois; a participant in the design, manufacture, marketing, and distribution of aerial units for the electric utility industry; benefitting from the sale of aerial units; was the holding company for Altec Industries, Inc.; and was the holding company and/or sole or controlling shareholder of J.J. Kane Associates, Inc., d/b/a J.J. Kane Auctioneers.

3. That on or about October 9, 2012, the defendant J.J. Kane Associates, Inc., d/b/a J.J. Kane Auctioneers (hereinafter referred to as J.J. Kane Auctioneers), was a corporation, authorized and doing business in the State of Illinois, and it was the seller and marketer of the aforementioned articulating overcenter aerial device, having marketed and sold it to Plaintiff's employer on or about November 20, 2008.

4. That on or about October 9, 2012, and at all times herein mentioned, Altec NUECO, LLC was a limited liability company, owned by Altec, Inc.

5. That on or about October 9, 2012, and at all times herein mentioned, J.J. Kane Auctioneers was owned by Altec, Inc.

6. That J.J. Kane Auctioneers and Altec NUECO, LLC are the two companies within Altec, Inc. that buy and sell used equipment.

7. That Altec, Inc., Altec NUECO, LLC, and J.J. Kane Auctioneers did join together and partner to grow the J.J. Kane

Page 2

Auctioneer/Altec, Inc. business, increase auction registration and profits, move Altec equipment in the stream of commerce, and sell and market auction equipment.

8. That J.J. Kane Auctioneers contributes its operations skill and resources, and Altec, Inc. and Altec NUECO, LLC contribute their sales skill and resources - including but not limited to information technology development, sales management, human resources, accounting, corporate communications, legal services, environmental services, and marketing services - to grow the J.J. Kane Auctioneer/Altec, Inc. business, increase auction registration and profits, move Altec equipment in the stream of commerce, and sell and market auction equipment.

9. That Altec NUECO, LLC employees solicit and obtain used equipment consignments to be sold at J.J. Kane Auctioneers auction.

10. That Altec, Inc. and Altec NUECO, LLC personnel decide which lots of used equipment will be sold at J.J. Kane Auctioneers auction and which lots will be sold through Altec NUECO, LLC, and that management of equipment is determined based on potential risk/loss to Altec, Inc.

11. That J.J. Kane Auctioneers has shared a portion of its profit with Altec, Inc., and shares a set percentage of auction sale revenue with Altec NUECO, LLC, and J.J. Kane Auctioneers and

Altec NUECO, LLC do not file individual tax returns but are included in Altec, Inc.'s tax return.

12. that members of the Altec, Inc. Board of Directors have and do sit on the J.J. Kane Auctioneers Board of Directors.

13. That J.J. Kane Auctioneers reports up operationally to the Altec NUECO, LLC general manager, and the Altec NUECO, LLC general manager has administrative oversight responsibilities for J.J. Kane Auctioneers.

14. That at all times herein mentioned, Altec, Inc. and Altec NUECO, LLC knew that certain Altec articulating overcenter aerial devices had an electrical continuity hazard in that the operator controls were not insulated.

15. That at all times herein mentioned, as partner and joint venturer in the enterprise of auction sales with Altec, Inc. and Altec NUECO, LLC, J.J. Kane Auctioneers knew, should have known, and/or is imputed to have known that certain Altec articulating overcenter aerial devices had an electrical continuity hazard in that the operator controls were not insulated.

16. That on or about October 9, 2012 and at all times herein mentioned, Plaintiff Eric DuClos was a citizen and resident of the State of Illinois and was employed by Big D Electric, Inc., working on a rural electric project when he was injured.

17. That at all times herein mentioned, the Defendant, Altec Industries, Inc., had a duty to design, manufacture, sell, market, and/or lease an articulating overcenter aerial device that was reasonably safe.

18. That the Defendant, at the time of design, manufacture, sale, marketing, and/or lease of the articulating overcenter aerial device was guilty of one or more of the following negligent acts or omissions:

    (a) Negligently and carelessly designed, manufactured, marketed and sold an articulating overcenter aerial device which it knew or should have known, in the exercise of ordinary care, was unsafe, defective, and unreasonably dangerous and created an avoidable hazard, and failed to warn of same; and/or

    (b) Negligently and carelessly designed, manufactured, marketed, and sold an articulating overcenter aerial device when it knew or in the exercise of reasonable care should have known that the product presented an electrical continuity hazard, and knew or should have known that the handles should have been insulated; and/or

    (c) Negligently and carelessly deviated from the standard of care that other manufacturers in the industry followed at the time the product was designed.

19. That as a direct and proximate result of one or more of the foregoing negligent acts or omissions on the part of the Defendant as aforesaid, Plaintiff was electrocuted, lost his right arm, suffered severe burns, and has suffered pain, mental

anguish, disability and disfigurement. He has incurred and become liable for large sums of money in hospital, medical and related expenses, and will become liable for additional sums in the future. He has been prevented from attending to his usual affairs and duties and has lost wages and income and will lose additional wages and income in the future all to his damage in a substantial amount.

WHEREFORE, the Plaintiff, Eric DuClos, demands judgment against the Defendant in an amount greater than SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), plus costs.

<u>**COUNT II**</u>
(Negligence v. J.J. Kane Auctioneers)

COMES NOW the Plaintiff, by and through his attorneys, **KEEFE, KEEFE & UNSELL, P.C.**, and for Count II of his Complaint against the Defendant, J.J. KANE AUCTIONEERS, states:

1. - 16. Plaintiff hereby adopts and incorporates the allegations of paragraphs 1 through and including 16 of Count I of his Complaint as and for paragraphs 1 through and including 16 of Count II of his Complaint.

17. That at all times herein mentioned the Defendant, J.J. Kane Auctioneers, had a duty to inspect, market, and sell an articulating overcenter aerial device that was reasonably safe.

18. That the Defendant at the time of sale of the aforementioned device was guilty of one or more of the following negligent acts or omissions:

    (a) Negligently and carelessly marketed an aerial device which it knew or in the exercise of reasonable care should have known presented an electrical continuity hazard in that the operator controls were not insulated; and/or

    (b) Negligently and carelessly sold an aerial device which it knew or in the exercise of reasonable care should have known presented an electrical continuity hazard in that the operator controls were not insulated; and/or

    (c) Negligently and carelessly marketed and/or sold an aerial device which it knew or in the exercise of reasonable care should have known presented an electrical continuity hazard in that the operator controls were not insulated, and failed to warn of, or provide buyers or users existing warnings of same.

19. That as a direct and proximate result of one or more of the foregoing negligent acts or omissions on the part of the Defendant as aforesaid, Plaintiff was electrocuted, lost his right arm, suffered severe burns, and has suffered pain, mental anguish, disability and disfigurement. He has incurred and become liable for large sums of money in hospital, medical and related expenses, and will become liable for additional sums in the future. He has been prevented from attending to his usual affairs and duties and has lost wages and income and will lose

additional wages and income in the future all to his damage in a substantial amount.

WHEREFORE, the Plaintiff, Eric DuClos, demands judgment against the Defendant in an amount greater than SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), plus costs.

### COUNT III
(Negligence v. Altec, Inc.)

COMES NOW the Plaintiff, by and through his attorneys, **KEEFE, KEEFE & UNSELL**, P.C., and for Count III of his Complaint against the Defendant, ALTEC, INC., states:

1. - 16. Plaintiff hereby adopts and incorporates the allegations of paragraphs 1 through and including 16 of Count I of his Complaint as and for paragraphs 1 through and including 16 of Count III of his Complaint.

17. That Defendant, as partner and/or joint venturer of J.J. Kane Auctioneers, is liable for the acts, omissions, and losses as described in Count II of Plaintiff's Complaint.

18. That as a direct and proximate result of one or more of the foregoing negligent acts or omissions on the part of the Defendant as aforesaid, Plaintiff was electrocuted, lost his right arm, suffered severe burns, and has suffered pain, mental anguish, disability and disfigurement. He has incurred and become liable for large sums of money in hospital, medical and related expenses, and will become liable for additional sums in

the future. He has been prevented from attending to his usual affairs and duties and has lost wages and income and will lose additional wages and income in the future all to his damage in a substantial amount.

WHEREFORE, the Plaintiff, Eric DuClos, demands judgment against the Defendant in an amount greater than SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), plus costs.

## COUNT IV
(Strict Liability v. J.J. Kane Auctioneers)

COMES NOW the Plaintiff, by and through his attorneys, **KEEFE, KEEFE & UNSELL, P.C.**, and for Count IV of his Complaint against the Defendant, J.J. KANE AUCTIONEERS, states:

1. - 16. Plaintiff hereby adopts and incorporates the allegations of paragraphs 1 through and including 16 of Count I of his Complaint as and for paragraphs 1 through and including 16 of Count IV of his Complaint.

17. That at the time of design, manufacture, marketing, and sale of the articulating overcenter aerial device it was in a defective, unreasonably dangerous condition in that:

    (a) The device was not properly insulated;

    (b) The failure created an avoidable hazard;

    (c) The defect existed when the device left the control of the manufacturer;

    (d) At the time of marketing and sale of the articulating overcenter aerial device, Defendant J.J. Kane Auctioneers knew or

        should have known of the danger posed by the device's defect;

(e)    The danger posed by the device's defect was not obvious to a user absent warning;

(f)    At the time of sale of the articulating overcenter aerial device, defendant J.J. Kane Auctioneers failed to pass on existing warnings regarding the device's defect to the buyer; and

(g)    The failure to include warnings regarding the device's defect in the sale to the buyer created an additional unreasonably dangerous defect.

18. That as a direct and proximate result of one or more of the foregoing negligent acts or omissions on the part of the Defendant as aforesaid, Plaintiff was electrocuted, lost his right arm, suffered severe burns, and has suffered pain, mental anguish, disability and disfigurement. He has incurred and become liable for large sums of money in hospital, medical and related expenses, and will become liable for additional sums in the future. He has been prevented from attending to his usual affairs and duties and has lost wages and income and will lose additional wages and income in the future all to his damage in a substantial amount.

WHEREFORE, the Plaintiff, Eric DuClos, demands judgment against the Defendant in an amount greater than SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), plus costs.

## COUNT V
(Strict Liability v. Altec, Inc.)

COMES NOW the Plaintiff, by and through his attorneys, **KEEFE, KEEFE & UNSELL, P.C.**, and for Count V of his Complaint against the Defendant, ALTEC, INC., states:

1. - 16.  Plaintiff hereby adopts and incorporates the allegations of paragraphs 1 through and including 16 of Count I of his Complaint as and for paragraphs 1 through and including 16 of Count V of his Complaint.

17.  That Defendant, as partner and/or joint venturer of J.J. Kane Auctioneers, is liable in strict liability for the acts, dangers, and losses as described in Count IV of Plaintiff's Complaint.

18.  That Altec, Inc. and Altec Industries, Inc. misused the corporate form to induce sale of aerial devices while omitting warnings of the continuity hazard in that, in addition to those allegations stated in paragraphs 4 through and including 15 of Count I:

    (a) On July 15, 2004, J.J. Kane Associates sold, assigned, and transferred J.J. Kane Associates shares to Altec, LLC, a Delaware limited liability company;

    (b) That on July 15, 2004, Altec, LLC, sold, assigned, and transferred all shares in J.J. Kane Associates to Altec, Inc.;

    (c) That on July 16, 2004, all members of the Board of Directors of J.J. Kane Associates were removed and replaced with Joseph Kane and J. Don Williams;

(d)   That J. Don Williams was appointed Secretary of J.J. Kane Associates;

(e)   That J. Don Williams concurrently served as Altec, Inc.'s Senior Vice President;

(f)   That J.J. Kane Associates is a named insured along with Altec, Inc. and Altec Industries, Inc. on Altec, Inc.'s commercial general liability policy;

(g)   That Altec, Inc. is the holding company for finance company Altec Capital Services;

(h)   That J.J. Kane offers customers financing through Altec Capital;

(i)   That J.J. Kane identifies itself as the dedicated auction firm for Altec Industries, Inc.;

(j)   That since 2004, J.J. Kane Associates provides to Altec Industries, Inc. a list of buyers who purchase Altec equipment at J.J. Kane Associates auctions;

(k)   That J.J. Kane Associates claims it was unaware of the electrical continuity hazard in Altec articulating overcenter aerial device handles until the time J.J. Kane Associates was served a copy of Plaintiff's initial complaint in this case;

(l)   That Altec, Inc. and Altec Industries, Inc. participated in the manufacture, distribution, marketing, and sale of the subject device; and/or were in a position to eliminate the unsafe character of the subject device; and/or derived economic benefit from J.J. Kane Associates' marketing and November 20, 2008 sale of the subject device;

 (m) That Altec, Inc. and Altec Industries, Inc. authorized and/or directed J.J. Kane Associates sale of used aerial devices with omitted warnings of the continuity hazard including, specifically, the November 20, 2008 sale by J.J. Kane Associates to Plaintiff's employer, which did not include all existing warnings of the hazard.

19. That unjust consequences result should Altec, Inc. or Altec Industries, Inc. be permitted to shield itself from strict liability on J.J. Kane Associates' sale of the subject device.

20. That at the time of design, manufacture, marketing, and sale of the articulating overcenter aerial device it was in a defective, unreasonably dangerous condition in that:

 (a) The device was not properly insulated;

 (b) The failure created an avoidable hazard;

 (c) The defect existed when the device left the control of the manufacturer;

 (d) At the time of marketing and sale of the articulating overcenter aerial device, Defendant J.J. Kane Auctioneers knew or should have known of the danger posed by the device's defect;

 (e) The danger posed by the device's defect was not obvious to a user absent warning;

 (f) At the time of sale of the articulating overcenter aerial device, defendant J.J. Kane Auctioneers failed to pass on existing warnings regarding the device's defect to the buyer; and

  (g) The failure to include warnings regarding the device's defect in the sale to the buyer created an additional unreasonably dangerous defect.

21. That as a direct and proximate result of one or more of the foregoing negligent acts or omissions on the part of the Defendant as aforesaid, Plaintiff was electrocuted, lost his right arm, suffered severe burns, and has suffered pain, mental anguish, disability and disfigurement. He has incurred and become liable for large sums of money in hospital, medical and related expenses, and will become liable for additional sums in the future. He has been prevented from attending to his usual affairs and duties and has lost wages and income and will lose additional wages and income in the future all to his damage in a substantial amount.

WHEREFORE, the Plaintiff, Eric DuClos, demands judgment against the Defendant in an amount greater than SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), plus costs.

### COUNT VI
(Strict Liability v. Altec Industries, Inc.)

COMES NOW the Plaintiff, by and through his attorneys, **KEEFE, KEEFE & UNSELL, P.C.**, and for Count VI of his Complaint against the Defendant, ALTEC INDUSTRIES, INC., states:

1. - 21. Plaintiff hereby adopts and incorporates the allegations of paragraphs 1 through and including 21 of Count V

of his Complaint as and for paragraphs 1 through and including 21 of Count VI of his Complaint.

WHEREFORE, the Plaintiff, Eric DuClos, demands judgment against the Defendant in an amount greater than SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), plus costs.

                                        THOMAS Q. KEEFE, JR.
                                        IL REG NO. 03123418
                                        Attorney for Plaintiff

KEEFE, KEEFE & UNSELL, P.C.
#6 Executive Woods Court
Belleville, IL  62226
618/236-2221 (Telephone)
618/236-2194 (Facsimile)

```
                    IN THE CIRCUIT COURT
                   FIRST JUDICIAL CIRCUIT
                 WILLIAMSON COUNTY, ILLINOIS
```

**FILED SEP 23 2016**
Clerk of the Circuit Court

ERIC DUCLOS, )
)
    Plaintiff, )
)
v. ) Case No. 16 L 133
)
ALTEC INDUSTRIES, INC., )
a corporation, ALTEC, INC., )
a corporation, and )
J.J. KANE ASSOCIATES, INC., )
d/b/a J.J. KANE AUCTIONEERS, )
)
    Defendants. )

## A F F I D A V I T

Thomas Q. Keefe, Jr., being duly sworn upon his oath, deposes and states as follows:

1. That he is the attorney for the plaintiff.

2. That upon his information and belief the damages suffered by the plaintiff in the instant Complaint attached hereto exceed the sum of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00).

Further Affiant sayeth not.

                                                Thomas Q. Keefe, Jr.

Subscribed and sworn to before me this 21ST day of September 2016.

                                                Jill A. Harres
                                                Notary Public

```
KEEFE, KEEFE & UNSELL, P.C.
#6 Executive Woods Court
Belleville, IL  62226
618/236-2221 (Telephone)
618/236-2194 (Facsimile)
```

"OFFICIAL SEAL"
JILL A. HARRES
NOTARY PUBLIC — STATE OF ILLINOIS
MY COMMISSION EXPIRES APRIL 30, 2017