IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Eric DuClos<br>Plaintiff,<br><br>vs<br><br>Altec Industries, Inc., et al.<br>Defendants | CIVIL NO. 16-cv-1162-DRH<br><br>CJRA TRACK: C<br><br>PRESUMPTIVE TRIAL MONTH: April 2018<br><br>JUDGE: David R. Herndon, U.S. District Judge |

**JOINT REPORT OF PARTIES**
**AND PROPOSED SCHEDULING AND DISCOVERY ORDER**

Pursuant to Federal Rule of Civil Procedure 26(f) and SDIL-LR 16.2(a), an initial conference of the parties was held on November 28, 2016 with attorneys for plaintiff and defendants Altec Industries, Inc., Altec, Inc., and J.J. Kane Associates, Inc., d/b/a J.J. Kane Auctioneers participating.

SCHEDULING AND DISCOVERY PLANS WERE DISCUSSED AND AGREED TO AS FOLLOWS:

1. Initial interrogatories and requests to produce, pursuant to Federal Rules of Civil Procedure 33 and 34 shall be served on opposing parties by (not applicable). Under Rule 29 of the Federal Rules of Civil Procedure, which allows for procedures regarding discovery to be modified, Defendants may rely upon and use any written discovery previously answered by plaintiff to any defendant's set in the prior state court litigation. Defendants will serve any supplemental written discovery on plaintiff by **December 31, 2016.** Defendants have responded to multiple sets of written discovery filed by plaintiff in the prior state court action.

2. Plaintiff's deposition shall be taken by (not applicable). Plaintiff's deposition has been taken.

3. Defendant's deposition shall be taken by **February 15, 2017.**

4. Under Rule 29 of the Federal Rules of Civil Procedure, which allows for procedures regarding discovery to be modified, the parties have agreed that depositions taken in the previously filed state court case (plaintiff took eleven

        depositions and defendants took eighteen depositions) may be used in the instant case to avoid the time and expense of re-deposing the witnesses. The parties agree that objections not made during depositions in the state court case are preserved and, thus, the parties may make objections if said depositions are used at trial. The parties have agreed that additional depositions, including depositions of defendants' remaining representatives, plaintiff's wife, fact witnesses, treating physicians, and expert witnesses, may be taken.

5. Motions to amend plaintiff's pleadings, and the commencement of any third party action, shall be filed by **January 7, 2017** (which date shall be no later than **90 days** following the Scheduling and Discovery conference). Motions to amend Defendants' third party action shall be filed by **March 7, 2017.**

6. Expert witnesses shall be disclosed, along with a written report prepared and signed by the witness pursuant to Federal Rule of Civil Procedure 26(a)(2), as follows:
Plaintiff's expert(s): **April 1, 2017**.
Defendant's expert(s): **August 1, 2017**.
Third Party expert(s): **August 1, 2017**.

7. Depositions of expert witnesses must be taken by:
Plaintiff's expert(s): **June 1, 2017**.
Defendant's expert(s): **October 1, 2017**.
Third Party expert(s): **October 1, 2017**.

8. The parties **CERTIFY** that they have discussed, in particular, the proportionality of discovery, the burden and expense associated with discovery, and the discovery of electronically stored information (ESI). The parties ☐ do ☒ do not anticipate a need for an ESI protocol. The parties shall submit to the Court any joint proposed ESI protocol no later than (Not Applicable). (The protocol shall contain mechanisms for addressing necessary topics concerning ESI to include sources of information, search terms, format of production and preservation of ESI by both Plaintiff(s) and Defendant(s)).

9. **Discovery** shall be completed by **December 1, 2017** (which date shall be no later than **115 days** before the first day of the month of the presumptive trial month or the first day of the month of the trial setting). Any written interrogatories or request for production served after the date of the Scheduling and Discovery Order shall be served by a date that allows the served parties the full **30 days** as provided by the Federal Rules of Civil Procedure in which to answer or produce by the discovery cut-off date.

10. All **dispositive motions** shall be filed by **December 18, 2017** (which date shall be no later than **100 days** before the first day of the month of the presumptive trial month or the first day of the month of the trial setting). Dispositive motions filed

after this date will not be considered by the Court.

11. The parties are reminded that, prior to filing any motions concerning discovery, they must first meet and confer relating to any discovery disputes and then contact the Court to arrange a telephone discovery dispute conference if they are unable to resolve their dispute. If the dispute cannot then be resolved in the first telephonic conference, the Court will establish, with the input of the parties, the mechanism for submitting written positions to the Court on an expedited basis.

DATED: November 30, 2016

By: */s/ Thomas Q. Keefe, Jr.*
Thomas Q. Keefe, Jr.
Keefe, Keefe & Unsell P.C.
#6 Executive Woods Court
Belleville, IL 62226
*Attorneys for Plaintiff*


By: */s/ Mary Anne Mellow*
Mary Anne Mellow
Timothy C. Sansone
Laura J. Gust
600 Washington Avenue - 15th Floor
St. Louis, MO  63101-1313
314-231-3332
314-241-7604 (Fax)
E-mail:  mmellow@sandbergphoenix.com
             tsansone@sandbergphoenix.com
             lgust@sandbergphoenix.com

and

HOOD LAW FIRM LLC

Robert H. Hood (*pro hac vice* motion to be filed)
Robert H. Hood, Jr. (*pro hac vice* motion to be filed)
James Hood (*pro hac vice* motion to be filed)
172 Meeting Street
Charleston, SC 29401
843-577-1201 – Robert Hood
843-577-1219 – Robert Hood, Jr.
E-mail:  bobby.hood@hoodlaw.com
             bobbyjr.hood@hoodlaw.com

james.hood@hoodlaw.com

*Attorneys for Defendant Altec Industries, Inc., Altec, Inc., and J.J. Kane Associates, Inc. d/b/a J.J. Kane Auctioneers*