IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ERIC DUCLOS,
Plaintiff,

v.                                No. 3:16-cv-01162-DRH-SCW

ALTEC INDUSTRIES, INC.,
ALTEC, INC.,
J.J. KANE ASSOCIATES, INC. d/b/a
J.J. KANE AUCTIONEERS,
Defendants.

## ORDER

**HERNDON, District Judge:**

Before the Court are defendants' three motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(6): (1) Altec Industries, Inc.'s motion to dismiss strict liability Count VI (Doc. 11); (2) Altec, Inc.'s motion to dismiss negligence Count III, and strict liability Count V (Doc. 12); and, (3) J.J. Kane Associates, Inc. d/b/a J.J. Kane Auctioneers' motion to dismiss strict liability Count IV (Doc. 14). Plaintiff opposes the motions (Docs. 21-23). Based on the following, the Court **DENIES** defendants' motions to dismiss, and addresses each below.

## I. BACKGROUND

In October 2016, after lengthy state-court proceedings, plaintiff Eric Duclos ("plaintiff") filed a six-count civil complaint against defendants Altec Industries, Inc. ("Altec Indus."), Altec Inc. ("Altec Inc."), and J.J. Kane Associates, Inc., d/b/a

J.J. Kane Auctioneers ("J.J. Kane"),[1] which was removed to this Court from the Circuit Court of Williamson County, Illinois, pursuant to 28 U.S.C. § 1332 (Doc. 1).

Plaintiff alleged that on or about November 20, 2008, J.J. Kane sold an articulating overcenter aerial device[2] ("aerial device") to—plaintiff's employer—Big D Electric, Inc.; and, on October 9, 2012 was electrocuted, severely burned, and lost his right arm operating the aerial device in question, while working on an electrical construction project. Plaintiff asserted claims for negligent/careless design and manufacturing; negligent/careless marketing and sale; negligent acts or omissions; and strict liability. (Doc. 1-1) For relief, he requested damages in an amount greater than $75,000.00, plus costs (*Id.*). Defendants now move to dismiss four of plaintiffs' counts pursuant to Fed. R. Civ. P. 12(b)(6) (Doc. 11, 12, 14).

## II. RULE 12(b)(6) STANDARD FOR DISMISSAL

Rule 12(b)(6) permits a motion to dismiss a complaint for failure to state a claim upon which relief can be granted. *Hallinan v. Fraternal Order of Police Chicago Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). The Supreme Court explained in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), that Rule

---

[1] Plaintiff alleged that Altec Inc. was a holding company for Altec Indus., who designs, manufactures, markets, and distributes equipment for electric utility and telecommunications markets. Plaintiff further alleged that Altec Inc. was the owner of Altec NUECO, LLC, sole controlling shareholder of J.J. Kane, and that both J.J. Kane and Altec NUECO, LLC, were two companies within Altec, Inc. that buy and sell used equipment (Doc. 1-1 at 1-2).

[2] An "aerial device" is essentially a large truck with a hydraulic telescopic arm attached to a bucket or platform, designed for an individual to be lifted to an elevated height in order to conduct maintenance on electric utilities, telecommunications, tree care, construction, etc.

12(6)(b) dismissal is warranted if the complaint fails to set forth "enough facts to state a claim to relief that is plausible on its face." Notice pleading remains all that is required in a complaint, even though federal pleading standards were overhauled by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). "A plaintiff still must provide only 'enough detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and, through his allegations, show that it is plausible, rather than merely speculative, that he is entitled to relief.' " *Tamayo v. Blagojevich*, 526 F.3d 1074, 1083 (7th Cir. 2008) (citation omitted).

The Seventh Circuit offers further instruction on what a civil action must allege to endure 12(b)(6) dismissal. In *Pugh v. Tribune Co.*, 521 F.3d 686, 699 (7th Cir. 2008), the Court reiterated the standard: "surviving a Rule 12(b)(6) motion requires more than labels and conclusions"; the complaint's allegations must "raise a right to relief above the speculative level." A plaintiff's claim "must be plausible on its face," that is, "the complaint must establish a non-negligible probability that the claim is valid." *Smith v. Medical Benefit Administrators Group, Inc.*, 639 F.3d 277, 281 (7th Cir. 2011). With this in mind, the Court turns to defendant's motions to dismiss.

## II. ANALYSIS

### A. Altec, Inc.'s Motion to Dismiss Negligence Count III

Altec Inc. argues that as of March 10, 2014, it is no longer a party to the instant claim. Specifically, it asserts that plaintiff initially filed a state claim concerning this matter in 2013, asserting, inter alia, causes of action for negligence and strict liability. *See* Complaint, Duclos v. S. Ill. Power Coop., et al.,

No. 13L157 (Ill. Cir. Ct. Nov. 5, 2013).  The initial-claim's strict liability count was dismissed, and plaintiff filed two additional amended complaints, but declined to name Altec, Inc.  As a result, Altec, Inc. argues that under *Cox v. Kisro*, 2011 WL 10500941, *3 (Ill. App. 5 Dist. Feb. 25, 2011), it is no longer a party to this case.

Altec Inc. correctly states that *Cox* is merely instructive; however, the Court must reiterate, *Cox* may be instructive, but it is also unpublished, and therefore exhibits a non-binding precedential effect.  Nonetheless, the Court will consider reasoning under *Cox*.

i. *Cox* is distinguishable from the instant matter

In *Cox*, the plaintiff's original complaint named a particular defendant who was not named nor referenced in a later amended complaint.  *See Cox*, at *3 (additionally plaintiff acknowledged in a response to defendants' motion to dismiss that "named defendants at this time are proper").  The court took notice that defendant in question was no longer a party to the case because "[a]n amended complaint that does not refer to or adopt the original complaint supercedes the original."  *Id.* (citing *Foxcraft Townhome Owners Ass'n v. Hoffman Rosner Corp.*, 96 Ill. 2d 150, 154, 449 N.E.2d 125, 126 (1983) ("[w]here an amendment is complete in itself and does not refer to or adopt the prior pleading, the earlier pleading ceases to be a part of the record for most purposes, being in effect abandoned and withdrawn").  The court explained its reasoning was based on significant policy considerations, in particular, the "expect[ancy] that a cause will proceed to trial on the claims as set forth in the final amended

complaint." *Foxcraft*, 96 Ill. 2d at 154.  This is because it is neither advantageous nor efficient to compel a judge to guess what claims or legal theories a litigant plans to argue at trial.[3]  *See id.*

Here, Altec, Inc. attempts to create the erroneous notion that any amended complaint failing to name a defendant from the previous original complaint, excludes the defendant in question as a proper party to the lawsuit.  The Court is not persuaded.  A comprehensive review of plaintiff's state-court amended complaints reveal that Altec, Inc. was referenced in both previous amended complaints; and, correspondingly reveals the crux of plaintiff's original state-court complaint is adopted by both amended complaints.[4]  Further, in *Foxcraft*, the issue dealt with "whether plaintiffs, by filing an amended complaint, *waived their right to object to the trial court's rulings on the original complaint*."  *Id.* (emphasis added).  *Cox* is readily distinguishable from the instant case, and the Court declines to adopt the argument.

ii. 735 Ill. Comp. Stat. 5/13-217 does not apply

Next, Altec, Inc. argues that plaintiff violated the "one-refiling rule" pursuant to the Illinois Savings Statute, 735 Ill. Comp. Stat. 5/13-217 (2016) (stating in part that "[n]o action which is voluntarily dismissed by the plaintiff or dismissed

---

[3] The *Foxcraft* court further explained that "[t]his procedure ensures that the trial judge will be aware of the points in issue, and can properly rule on objections at trial.  To allow a party to also introduce allegations related in earlier pleadings would result in confusion and impose an unnecessary burden upon the trial judge."  *Foxcraft*, 96 Ill.2d at 154.

[4] In plaintiff's first and second amended complaints, negligence count I, para. 3 states, "[t]hat on or about October 9, 2012 and at all times herein mentioned, defendant Altec Industries, Inc., (previously sued as Altec, Inc.), was an Alabama corporation … ."  *See* First Amended Complaint, Duclos v. S. Ill. Power Coop., et al., No. 13L157,¶3(Ill. Cir. Ct. Mar. 10, 2014); Second Amended Complaint , Duclos v. S. Ill. Power Coop., et al., No. 13L157, ¶3 (Ill. Cir. Ct. May 13, 2015).

for want of prosecution by the court may be filed where the time for commencing the action has expired"), thus prohibiting both counts III and V.  However, here, §13-217 is inapplicable.  "The Illinois Supreme Court has held *Section 217 only applies to the situations explicitly listed within it*."  *Conover v. Lein*, 87 F.3d 905, 908 (7th Cir. 1996) (emphasis added).  Seemingly, section 13-217 contains qualifiers ignored by Altec, Inc.[5]  None of the "situations explicitly listed within" section 217 applies to the current case.  *See Conover*, 87 F.3d at 907-08 (explaining that savings statute is plain and unambiguous, and situations not listed are untenable).

## B. Altec, Inc. & Altec Industries, Inc.'s Motions to Dismiss Strict Liability Counts V and VI

Altec, Inc. and Altec Industries, Inc. both argue that plaintiff's strict liability claims fail because corporations are separate and distinct from their affiliates.  *See Main Bank of Chi. v. Baker*, 86 Ill. 2d 188, 204, 427 N.E.2d 94, 101 (Ill. 1981).  Equally, in general, "before the separate corporate identity of one corporation will be disregarded and treated as the alter ego of another, *it must be shown that it is so controlled and its affairs so conducted that it is a mere instrumentality of another, and it must further appear that observance of the*

---

[5] As relevant, Section 13-217 states that in actions where the time for commencing is limited; "if judgment is entered for the plaintiff but reversed on appeal, or if there is a verdict in favor of the plaintiff and, upon a motion in arrest of judgment, the judgment is entered against the plaintiff, or the action is dismissed by a United States District Court for lack of jurisdiction, or the action is dismissed by a United States District Court for improper venue, then, whether or not the time limitation for bringing such action expires during the pendency of such action, the plaintiff, his or her heirs, executors or administrators may commence a new action within one year or within the remaining period of limitation, whichever is greater, after such judgment is reversed or entered against the plaintiff, or the action is dismissed by a United States District Court for lack of jurisdiction, or the action is dismissed by a United States District Court for improper venue." 735 ILL. COMP. STAT. 5/13-217 (2016).

*fiction of separate existence would, under the circumstances, sanction a fraud or promote injustice.*" *Northbound Grp., Inc. v. Norvax, Inc.*, 795 F.3d 647, 652 (7th Cir. 2015) (emphasis added) (quoting *Main Bank of Chi.*, 86 Ill. 2d at 205)). Altec, Inc. and Altec Industries, Inc. do not meet this burden.  Plaintiff's strict liability Counts V and VI survive 12(b)(6) dismissal.[6]

### C.  J.J. Kane's Motion to Dismiss Strict Liability Count IV

J.J. Kane argues that plaintiff's strict liability claim fails as a matter of law because J.J. Kane is an auctioneer—not a seller—and therefore cannot be held strictly liable for injuries caused by a defective product; and, any alleged marketing on J.J. Kane's behalf is irrelevant to the instant cause of action.

Be that as it may, Illinois adopted the doctrine of strict product liability to ensure that the loss caused by unsafe products is endured by those who created the harm *and* those who derive economic benefit from the unsafe products. *Apperson v. E.I. du Pont de Nemours & Co.*, 41 F.3d 1103, 1107 (7th Cir. 1994). J.J. Kane's status as "auctioneer" does not insulate it from strict product liability suit because "strict liability arises, not because of the defendant's legal relationship with the manufacturer or with the other entities in the manufacturing-marketing system, but because of its participatory connection, for [its] personal profit or other benefit, with the injury-producing product and with the enterprise that created consumer demand for and reliance upon the product." *Hebel v. Sherman Equip.*, 92 Ill.2d 368, 3378-79, 442 N.E.2d 199, 204-05 (Ill.

---

[6] Altec, Inc. and Altec, Industries, Inc.'s remaining argument regarding duty owed to plaintiff similarly survives 12(b)(6) dismissal.

1982) (explaining liability arises from same combination of considerations underlying doctrine of strict products liability, namely: loss caused by unsafe products should be borne by those who create risk of harm by "participating in the manufacture, marketing and distribution of unsafe products; who derive economic benefit from placing them in the stream of commerce; and who are in a position to eliminate the unsafe character of the product and prevent the loss.")).

J.J. Kane's self-proclaimed status of "auctioneer" is neither here nor there in respect to strict product liability in the state of Illinois.[7] As a result, plaintiff's strict liability Count IV survives 12(b)(6) dismissal.[8]

### III. CONCLUSION

Based on the foregoing, the Court **DENIES** defendants' three motions to dismiss for failure to state a claim upon which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6).

**IT IS SO ORDERED.**

Signed this 27th day of February, 2017.

Judge Herndon
2017.02.27
07:23:32 -06'00'

**UNITED STATES DISTRICT JUDGE**

---

[7] Although J.J. Kane markets itself using the title "J.J. Kane Auctioneers", the company "offers some items for direct purchase from the seller," see www.jjkane.com/buy-now-items/ , indicating that J.J. Kane also is involved in manufacturer distribution services by allowing prospective consumers to purchase products and circumvent the standard auction process.

[8] J.J. Kane's remaining argument regarding duty owed to plaintiff similarly survives 12(b)(6) dismissal.