**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| *ERIC DUCLOS,* | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 16-1162-DRH-SCW |
| | ) | |
| *ALTEC INDUSTRIES, INC.,* | ) | **JURY TRIAL DEMANDED** |
| *ALTEC, INC., and* | ) | |
| *J.J. KANE ASSOCIATES, INC. d/b/a* | ) | |
| *J.J. KANE AUCTIONEERS,* | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

---

| | |
|---|---|
| *ALTEC INDUSTRIES, INC.,* | ) |
| *ALTEC, INC., and* | ) |
| *J.J. KANE ASSOCIATES, INC. d/b/a* | ) |
| *J.J. KANE AUCTIONEERS,* | ) |
| | ) |
| Third Party Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| *BIG D ELECTRIC, INC., n/k/a* | ) |
| *K D BREWER ENTERPRISES, INC.,* | ) |
| *BIG D RIGHT OF WAY SERVICES, INC., n/k/a* | ) |
| *D L BREWER ENTERPRISES, INC.,* | ) |
| *BHMG ENGINEERS, INC.,* | ) |
| *BHMG ELECTRIC, LLC, n/k/a BIG D* | ) |
| *ELECTRIC, LLC, and* | ) |
| *BHMG ROW, LLC (a/k/a BIG D* | ) |
| *RIGHT OF WAY, LLC), n/k/a* | ) |
| *BIG D ROW, LLC,* | ) |
| | ) |
| Third Party Defendants. | ) |

**Please Serve:**

**BHMG Engineers, Inc.**
**Registered Agent:**
**Lincoln Duncan**

7752938.1

**315 North Duncan Lane**
**Dix, Illinois 62830**

**BHMG Electric, LLC n/k/a Big D Electric, LLC**
**Registered Agent:**
**Kelli Madigan**
**23 Public Sq., Suite 300**
**Belleville, Illinois 62220**

**BHMG ROW, LLC (a/k/a BIG D**
**RIGHT OF WAY, LLC), n/k/a**
**BIG D ROW, LLC**
**Registered Agent:**
**Kelli Madigan**
**23 Public Sq., Suite 300**
**Belleville, Illinois 62220**

---

## ALTEC, INC.'S, ALTEC INDUSTRIES, INC.'S, AND
## J.J. KANE ASSOCIATES, INC. d/b/a J.J. KANE AUCTIONEERS'
## FIRST AMENDED THIRD-PARTY COMPLAINT FOR
## CONTRIBUTION AND INDEMNITY

COME NOW Defendants/Third-Party Plaintiffs Altec, Inc., Altec Industries, Inc., and J.J. Kane Associates, Inc. d/b/a J.J. Kane Auctioneers ("J.J. Kane"), by their attorneys, Sandberg Phoenix & von Gontard P.C. and Hood Law Firm LLC, under Federal Rule of Civil Procedure 14 and 740 ILCS 100/0.01, *et seq.*, and for their Third-Party Complaint for Contribution and Indemnity against Third-Party Defendants Big D Electric, Inc., n/k/a K D Brewer Enterprises, Inc., Big D Right of Way Services, Inc., n/k/a D L Brewer Enterprises, Inc., BHMG Engineers, Inc., BHMG Electric, LLC, n/k/a Big D Electric, LLC, and BHMG Row, LLC (a/k/a Big D Right of Way, LLC), n/k/a Big D Row, LLC, state as follows:

### Allegations Common to All Counts

1.     On September 23, 2016, plaintiff Eric DuClos ("Plaintiff") filed his Complaint against Altec Industries, Inc., Altec, Inc., and J.J. Kane Associates, Inc. d/b/a J.J. Kane Auctioneers, seeking recovery for alleged damages associated with an incident purportedly

2

involving, among other things, an aerial device manufactured by Altec Industries, Inc. (the "subject aerial device").  A copy of Plaintiff's Complaint is attached as <u>Exhibit A</u>.

2.     Altec Industries, Inc. is alleged to have manufactured the subject aerial device that Plaintiff was allegedly operating at the time of his alleged injuries (the "Incident") (see <u>Ex. A</u>, Count I, ¶ 1).

3.     Altec, Inc. is alleged to have been a participant in the design, manufacture, marketing, and distribution of aerial units, to have benefited from the sale of aerial units, and to have been the holding company for Altec Industries, Inc., and the holding company and/or sole shareholder of J.J. Kane (see <u>Ex. A</u>, Count I, ¶ 2).

4.     J.J. Kane is alleged to have later sold the subject aerial device involved in the Incident to plaintiff's employer on or about November 20, 2008 (see <u>Ex. A</u>, Count I, ¶ 3).

5.     Big D Electric, Inc. is alleged to have employed the plaintiff on the date of the Incident, October 9, 2012 (see <u>Ex. A</u>, Count I, ¶ 16).

6.     Upon information and belief, Big D Right of Way Services, Inc. is referenced on Bills of Sale signed by Daniel Brewer for the subject aerial device (see Bills of Sale, attached as <u>Exhibits B and C</u>).

7.     The Complaint presents two counts directed against Altec Industries, Inc. (see <u>Ex. A</u>, Count I (alleging negligence) and Count VI (alleging strict liability)).  Altec Industries, Inc. has filed an Answer and Affirmative Defenses denying all material allegations of Count I and Count VI of the Complaint.

8.     The Complaint presents two counts directed against Altec, Inc. (see <u>Ex. A</u>, Count III (alleging negligence) and Count V (alleging strict liability)).  Altec, Inc. has filed an Answer

3

7752938.1

and Affirmative Defenses denying all material allegations of Count III and Count V of the Complaint.

9.     The Complaint presents two counts against J.J. Kane (see Ex. A, Count II (alleging negligence) and Count IV (alleging strict liability)).   J.J. Kane has filed an Answer and Affirmative Defenses denying all material allegations of Count II and Count IV of the Complaint.

10.    Altec, Inc., Altec Industries, Inc., and J.J. Kane have denied liability to Plaintiff and continue to deny liability to Plaintiff for all the acts alleged against Altec, Inc., Altec Industries, Inc., and J.J. Kane in Plaintiff's Complaint.

11.    Upon information and belief, and at the time of the incident, Big D Electric, Inc. was a corporation organized under Delaware law with its principal place of business in Illinois.

12.    Upon information and belief, BHMG Engineers, Inc., purchased the assets and/or liabilities of Big D Electric, Inc., on or about January 1, 2016.   Upon information and belief, BHMG Engineers, Inc. is a Missouri corporation.

13.    Upon information and belief, Big D Electric, Inc., changed its name with the Illinois Secretary of State to K D Brewer Enterprises, Inc. on or about February 8, 2016.

14.    Upon information and belief, BHMG Engineers, Inc., sold, transferred, or otherwise conveyed assets and/or liabilities for Big D Electric, Inc., n/k/a K D Brewer Enterprises, Inc., to BHMG Electric, LLC.   Upon information and belief, BHMG Electric, LLC was an Illinois limited liability company.

15.    Upon information and belief, BHMG Electric, LLC changed its name with the Illinois Secretary of State to Big D Electric, LLC, on or about February 22, 2016.

7752938.1

16.     Upon information and belief, and at the time of the incident, Big D Right of Way Services, Inc. owned the subject aerial device, and the subject aerial device was used in Big D Electric, Inc.'s fleet.

17.     Upon information and belief, and at the time of the incident, Big D Right of Way Services, Inc. was a corporation organized under Illinois law with its principal place of business in Illinois.

18.     Upon information and belief, Big D Right of Way Services, Inc. changed its name with the Illinois Secretary of State to D L Brewer Enterprises, Inc., on or about November 23, 2015.

19.     Upon information and belief, Big D Right of Way Services, Inc., n/k/a D L Brewer Enterprises, Inc. sold, transferred, or otherwise conveyed assets and/or liabilities, including the subject aerial device, to BHMG ROW, LLC (a/k/a Big D Right of Way, LLC).   Upon information and belief, BHMG ROW, LLC (a/k/a Big D Right of Way, LLC), was an Illinois limited liability company.

20.     Upon information and belief, BHMG ROW, LLC (a/k/a Big D Right of Way, LLC) changed its name with the Illinois Secretary of State to Big D ROW, LLC on or about January 15, 2016.

## COUNT I

**Altec Industries, Inc.'s Claim for Contribution against Big D Electric, Inc., n/k/a K D Brewer Enterprises, Inc., Big D Right of Way Services, Inc., n/k/a D L Brewer Enterprises, Inc., BHMG Engineers, Inc., BHMG Electric, LLC, n/k/a Big D Electric, LLC, and BHMG Row, LLC (a/k/a Big D Right of Way, LLC), n/k/a Big D Row, LLC**

COMES NOW Defendant/Third-Party Plaintiff Altec Industries, Inc., by its attorneys, Sandberg Phoenix & von Gontard P.C. and Hood Law Firm LLC, and for its Third-Party Complaint for Contribution in Count I against Third-Party Defendants Big D Electric, Inc., n/k/a

5

K D Brewer Enterprises, Inc., Big D Right of Way Services, Inc., n/k/a D L Brewer Enterprises, Inc., BHMG Engineers, Inc., BHMG Electric, LLC, n/k/a Big D Electric, LLC, and BHMG Row, LLC (a/k/a Big D Right of Way, LLC), n/k/a Big D Row, LLC, states as follows:

21.    Altec Industries, Inc. restates and incorporates by reference the allegations of Paragraphs 1 through 20, inclusive, as if fully set forth herein as paragraph 21.

22.    This Court has jurisdiction over the Third Party Defendants under Rule 14 of the Federal Rules of Civil Procedure.

23.    Plaintiff filed his Complaint in Williamson County where the Incident is alleged to have occurred; this case was removed to the United States District Court for the Southern District of Illinois on October 21, 2016, in accordance with 28 U.S.C. §§ 93(c), 1332, 1441, and 1446.

24.    Big D Right of Way Services, Inc. purchased the subject aerial device, owned the subject aerial device on the date of the Incident, and the subject aerial device was being used by Big D Electric, Inc., and its employees, agents, and/or servants at the time of the Incident.

25.    At the time of the Incident, Big D Electric, Inc., was Plaintiff's employer, was doing business in Williamson County, Illinois, and allowed and/or provided the subject aerial device to Plaintiff to use and perform his work there on that day (see Ex. A, Count I, ¶ 16).

26.    On or about October 9, 2012, Plaintiff was working for Big D Electric, Inc. and operating the subject aerial device allegedly involved in the Incident (see Ex. A, Count I, ¶¶ 1, 16).

27.    Purportedly on or about October 9, 2012, while operating the subject aerial device and working for Big D Electric, Inc., Plaintiff was injured in the Incident (see Ex. A, Count I, ¶¶ 1, 16).

28.    At the time of the Incident, Big D Electric, Inc., n/k/a K D Brewer Enterprises, Inc., Big D Right of Way Services, Inc., n/k/a D L Brewer Enterprises, Inc., BHMG Engineers, Inc., BHMG Electric, LLC, n/k/a Big D Electric, LLC, and/or BHMG Row, LLC (a/k/a Big D Right of Way, LLC), n/k/a Big D Row, LLC, owed legal duties to Plaintiff to train and supervise Plaintiff and to provide a safe working environment and equipment, including but not limited to training and supervising Plaintiff's work, training Plaintiff in operating and safe handling of the subject aerial device, and to provide service, maintenance and/or repair work for the subject aerial device.

29.    At the time of the Incident, Big D Electric, Inc., n/k/a K D Brewer Enterprises, Inc., Big D Right of Way Services, Inc., n/k/a D L Brewer Enterprises, Inc., BHMG Engineers, Inc., BHMG Electric, LLC, n/k/a Big D Electric, LLC, and/or BHMG Row, LLC (a/k/a Big D Right of Way, LLC), n/k/a Big D Row, LLC, owed legal duties to Plaintiff, as the employer and/or owner or provider of the subject aerial device, to ensure the subject aerial device was in safe operating condition, and to provide repair and/or maintenance work for the subject aerial device.

30.    As a direct and proximate result of one or more of Big D Electric, Inc., n/k/a K D Brewer Enterprises, Inc., Big D Right of Way Services, Inc., n/k/a D L Brewer Enterprises, Inc., BHMG Engineers, Inc., BHMG Electric, LLC, n/k/a Big D Electric, LLC, and/or BHMG Row, LLC (a/k/a Big D Right of Way, LLC), n/k/a Big D Row, LLC's negligent acts and/or omissions as described herein, Plaintiff was injured and sustained damages.

31.    On and/or prior to the time of the Incident, Big D Electric, Inc., n/k/a K D Brewer Enterprises, Inc., Big D Right of Way Services, Inc., n/k/a D L Brewer Enterprises, Inc., BHMG Engineers, Inc., BHMG Electric, LLC, n/k/a Big D Electric, LLC, and/or BHMG Row, LLC

(a/k/a Big D Right of Way, LLC), n/k/a Big D Row, LLC, by and through their agents, servants, and employees, committed one or more of the following negligent acts and/or omissions in breach of their duties to Plaintiff:

a. failing to warn its employees regarding the risk of operating aerial devices without properly using Personal Protective Equipment (rubber gloves, rubber sleeves, line hoses/guards, rubber blankets, etc.) while working on and around energized power lines;

b. failing to warn its employees regarding the risk of operating aerial devices without wearing rubber gloves and sleeves when sagging an indirectly grounded new wire installed on a utility pole in and around energized power lines;

c. failing to instruct its employees to follow ALBAT's training, Local 702 rules, safety rules, safety placards, instructions, and industry accepted procedures;

d. failing to obtain, provide, and require its employees to review an insulated aerial device and/or digger derrick operator's manual and/or maintenance manual;

e. ignoring the aerial device manufacturer's specifications and instructions, including but not limited to the aerial device operator's manual and on-product warnings, regarding proper and safe use of the aerial device while working on and around energized power lines;

f. failing to employ and enforce a mandatory policy of using, inspecting, and replacing fiberglass line hoses/guards and fiberglass covers when working with aerial devices on and around energized power lines;

g. failing to employ and enforce a mandatory policy of notifying supervisors of the need to replace fiberglass covers and/or to replace worn or illegible decals on aerial devices on Big D Electric, Inc.'s fleet including the subject aerial device;

h. disregarding OSHA guidelines, industry accepted procedures, ANSI standards, ALBAT training, Local 702 rules, clearance rules, and minimum approach distances regarding proper and safe operation of aerial devices while on or around energized power lines;

i. failing to sufficiently train or instruct its employees regarding proper and safe operation of the subject aerial device while on or around energized power lines, and regarding the meaning and purpose of, and need to comply with, warning decals located on the subject aerial device and other warnings;

8

7752938.1

j.   failing to sufficiently train or instruct its employees regarding the use, the number of, the positioning, or re-positioning of protective covers or line hoses/guards over energized conductors while working on or around energized power lines;

k.   failing to sufficiently train or instruct its employees regarding working with a spotter on the ground while linemen are in the platform in an insulated aerial device working on or around energized power lines;

l.   failing to sufficiently train and instruct its employees to hold tailgate meetings to discuss the day's work and potential hazards inherent in the job;

m.  failing to sufficiently supervise its employees regarding proper and safe operation of the subject aerial device while working on or around energized power lines installing new lines;

n.   failing to obtain, teach, train, and instruct its employees including Plaintiff about, and failing to ensure compliance with, safety training in Altec's operator's manuals and other safety materials available to Big D Electric, Inc., and as addressed and set forth in the Altec Sentry Product Update Program correspondence dated January 16, 2006, which Big D Electric, Inc. received from Altec Industries, Inc.;

o.   failing to service, maintain, and/or repair the subject aerial device; and

p.   otherwise being negligent.

32.    As a direct and proximate result of one or more of Big D Electric, Inc., n/k/a K D Brewer Enterprises, Inc., Big D Right of Way Services, Inc., n/k/a D L Brewer Enterprises, Inc., BHMG Engineers, Inc., BHMG Electric, LLC, n/k/a Big D Electric, LLC, and/or BHMG Row, LLC (a/k/a Big D Right of Way, LLC), n/k/a Big D Row, LLC's negligent acts and/or omissions, Plaintiff was injured, allegedly incurring damages including loss of his right arm, severe burns, medical expenses, and lost wages (see Ex. A, Count I, ¶ 19).

33.    At the time of the Incident, there was in full force and effect a statute entitled the Illinois Joint Tortfeasor Contribution Act, 740 ILCS 100/0.01, *et seq.*

9

7752938.1

34.     By virtue of the circumstances described above, if Altec Industries, Inc., is found liable to Plaintiff in any amount whatsoever, which liability Altec Industries, Inc. continues to expressly deny, then such damages are the direct and proximate result of the negligent acts and/or omissions of Big D Electric, Inc., n/k/a K D Brewer Enterprises, Inc., Big D Right of Way Services, Inc., n/k/a D L Brewer Enterprises, Inc., BHMG Engineers, Inc., BHMG Electric, LLC, n/k/a Big D Electric, LLC, and/or BHMG Row, LLC (a/k/a Big D Right of Way, LLC), n/k/a Big D Row, LLC, described above, for which Altec Industries, Inc. is entitled to contribution pursuant to the Illinois Joint Tortfeasor Contribution Act.

WHEREFORE, Defendant/Third-Party Plaintiff Altec Industries, Inc. prays that in the event a judgment or verdict is entered against it and in favor of Plaintiff Eric DuClos, that a judgment be entered against Third-Party Defendant Big D Electric, Inc., n/k/a K D Brewer Enterprises, Inc., BHMG Engineers, Inc., and BHMG Electric, LLC, n/k/a Big D Electric, LLC, in an amount equal to the amount of Big D Electric, Inc.'s statutory liability under the Workers' Compensation Act, and that a judgment be entered against Third-Party Defendants Big D Right of Way Services, Inc., n/k/a D L Brewer Enterprises, Inc., BHMG ROW, LLC (a/k/a Big D Right of Way, LLC), n/k/a Big D ROW, LLC, in an amount equal to their *pro rata* shares of the common tort liability as provided by the Illinois Joint Tortfeasor Contribution Act, that the Court award Altec Industries, Inc. its costs, and for such other and further relief this Court deems just and proper.

7752938.1

## COUNT II

**Altec, Inc.'s Claim for Contribution against Big D Electric, Inc., n/k/a K D Brewer Enterprises, Inc., Big D Right of Way Services, Inc., n/k/a D L Brewer Enterprises, Inc., BHMG Engineers, Inc., BHMG Electric, LLC, n/k/a Big D Electric, LLC, and BHMG Row, LLC (a/k/a Big D Right of Way, LLC), n/k/a Big D Row, LLC**

COMES NOW Defendant/Third-Party Plaintiff Altec, Inc., by its attorneys, Sandberg Phoenix & von Gontard P.C. and Hood Law Firm LLC, and for its Third-Party Complaint for Contribution in Count II against Third-Party Defendant Big D Electric, Inc., n/k/a K D Brewer Enterprises, Inc., Big D Right of Way Services, Inc., n/k/a D L Brewer Enterprises, Inc., BHMG Engineers, Inc., BHMG Electric, LLC, n/k/a Big D Electric, LLC, and BHMG Row, LLC (a/k/a Big D Right of Way, LLC), n/k/a Big D Row, LLC, states as follows:

35.     Altec, Inc. restates and incorporates by reference the allegations of Paragraphs 1 through 20, inclusive, as if fully set forth herein as paragraph 35.

36.     This Court has jurisdiction over the Third Party Defendants under Rule 14 of the Federal Rules of Civil Procedure.

37.     Plaintiff filed his Complaint in Williamson County where the Incident is alleged to have occurred; this case was removed to the United States District Court for the Southern District of Illinois on October 21, 2016, in accordance with 28 U.S.C. §§ 93(c), 1332, 1441, and 1446.

38.     Big D Right of Way Services, Inc. purchased the subject aerial device, owned the subject aerial device on the date of the Incident, and the subject aerial device was being used by Big D Electric, Inc., and its employees, agents, and/or servants at the time of the Incident.

39.     At the time of the Incident, Big D Electric, Inc. was Plaintiff's employer, was doing business in Williamson County, Illinois, and allowed and/or provided the subject aerial device to Plaintiff to use and perform his work there on that day (see Ex. A, Count I, ¶ 16).

11

40.     On or about October 9, 2012, Plaintiff was working for Big D Electric, Inc. and operating the subject aerial device allegedly involved in the Incident (see Ex. A, Count I, ¶¶ 1, 16).

41.     Purportedly on or about October 9, 2012, while operating the subject aerial device and working for Big D Electric, Inc., Plaintiff was injured in the Incident (see Ex. A, Count I, ¶¶ 1, 16).

42.     At the time of the Incident, Big D Electric, Inc., n/k/a K D Brewer Enterprises, Inc., Big D Right of Way Services, Inc., n/k/a D L Brewer Enterprises, Inc., BHMG Engineers, Inc., BHMG Electric, LLC, n/k/a Big D Electric, LLC, and/or BHMG Row, LLC (a/k/a Big D Right of Way, LLC), n/k/a Big D Row, LLC, owed legal duties to Plaintiff to train and supervise Plaintiff and to provide a safe working environment and equipment, including but not limited to training and supervising Plaintiff's work, training Plaintiff in operating and safe handling of the subject aerial device, and to provide service, maintenance and/or repair work for the subject aerial device.

43.     At the time of the Incident, Big D Electric, Inc., n/k/a K D Brewer Enterprises, Inc., Big D Right of Way Services, Inc., n/k/a D L Brewer Enterprises, Inc., BHMG Engineers, Inc., BHMG Electric, LLC, n/k/a Big D Electric, LLC, and/or BHMG Row, LLC (a/k/a Big D Right of Way, LLC), n/k/a Big D Row, LLC, owed legal duties to Plaintiff, as the employer and/or owner or provider of the subject aerial device, to ensure the subject aerial device was in safe operating condition, and to provide repair and/or maintenance work for the subject aerial device.

44.     As a direct and proximate result of one or more of Big D Electric, Inc., n/k/a K D Brewer Enterprises, Inc., Big D Right of Way Services, Inc., n/k/a D L Brewer Enterprises, Inc.,

7752938.1

BHMG Engineers, Inc., BHMG Electric, LLC, n/k/a Big D Electric, LLC, and/or BHMG Row, LLC (a/k/a Big D Right of Way, LLC), n/k/a Big D Row, LLC's negligent acts and/or omissions as described herein, Plaintiff was injured and sustained damages.

45.     On and/or prior to the time of the Incident, Big D Electric, Inc., n/k/a K D Brewer Enterprises, Inc., Big D Right of Way Services, Inc., n/k/a D L Brewer Enterprises, Inc., BHMG Engineers, Inc., BHMG Electric, LLC, n/k/a Big D Electric, LLC, and/or BHMG Row, LLC (a/k/a Big D Right of Way, LLC), n/k/a Big D Row, LLC, by and through their agents, servants, and employees, committed one or more of the following negligent acts and/or omissions in breach of their duties to Plaintiff:

   a.   failing to warn its employees regarding the risk of operating aerial devices without properly using Personal Protective Equipment (rubber gloves, rubber sleeves, line hoses/guards, rubber blankets, etc.) while working on and around energized power lines;

   b.   failing to warn its employees regarding the risk of operating aerial devices without wearing rubber gloves and sleeves when sagging an indirectly grounded new wire installed on a utility pole in and around energized power lines;

   c.   failing to instruct its employees to follow ALBAT's training, Local 702 rules, safety rules, safety placards, instructions, and industry accepted procedures;

   d.   failing to obtain, provide, and require its employees to review an insulated aerial device and/or digger derrick operator's manual and/or maintenance manual;

   e.   ignoring the aerial device manufacturer's specifications and instructions, including but not limited to the aerial device operator's manual and on-product warnings, regarding proper and safe use of the aerial device while working on and around energized power lines;

   f.   failing to employ and enforce a mandatory policy of using, inspecting, and replacing fiberglass line hoses/guards and fiberglass covers when working with aerial devices on and around energized power lines;

   g.   failing to employ and enforce a mandatory policy of notifying supervisors of the need to replace fiberglass covers and/or to replace worn or illegible decals

13

on aerial devices on Big D Electric, Inc.'s fleet including the subject aerial device;

h.  disregarding OSHA guidelines, industry accepted procedures, ANSI standards, ALBAT training, Local 702 rules, clearance rules, and minimum approach distances regarding proper and safe operation of aerial devices while on or around energized power lines;

i.  failing to sufficiently train or instruct its employees regarding proper and safe operation of the subject aerial device while on or around energized power lines, and regarding the meaning and purpose of, and need to comply with, warning decals located on the subject aerial device and other warnings;

j.  failing to sufficiently train or instruct its employees regarding the use, the number of, the positioning, or re-positioning of protective covers or line hoses/guards over energized conductors while working on or around energized power lines;

k.  failing to sufficiently train or instruct its employees regarding working with a spotter on the ground while linemen are in the platform in an insulated aerial device working on or around energized power lines;

l.  failing to sufficiently train and instruct its employees to hold tailgate meetings to discuss the day's work and potential hazards inherent in the job;

m. failing to sufficiently supervise its employees regarding proper and safe operation of the subject aerial device while working on or around energized power lines installing new lines;

n.  failing to obtain, teach, train, and instruct its employees including Plaintiff about, and failing to ensure compliance with, safety training in Altec's operator's manuals and other safety materials available to Big D Electric, Inc. and as addressed and set forth in the Altec Sentry Product Update Program correspondence dated January 16, 2006, which Big D Electric, Inc. received from Altec Industries, Inc.;

o.  failing to service, maintain, and/or repair the subject aerial device; and

p.  otherwise being negligent.

46.    As a direct and proximate result of one or more of Big D Electric, Inc., n/k/a K D Brewer Enterprises, Inc., Big D Right of Way Services, Inc., n/k/a D L Brewer Enterprises, Inc., BHMG Engineers, Inc., BHMG Electric, LLC, n/k/a Big D Electric, LLC, and/or BHMG Row,

7752938.1

LLC (a/k/a Big D Right of Way, LLC), n/k/a Big D Row, LLC's negligent acts and/or omissions, Plaintiff was injured, allegedly incurring damages including loss of his right arm, severe burns, medical expenses, and lost wages (see Ex. A, Count III, ¶ 18).

47.    At the time of the Incident, there was in full force and effect a statute entitled the Illinois Joint Tortfeasor Contribution Act, 740 ILCS 100/0.01, *et seq.*

48.    By virtue of the circumstances described above, if Altec, Inc., is found liable to Plaintiff in any amount whatsoever, which liability Altec, Inc. continues to expressly deny, then such damages are the direct and proximate result of the negligent acts and/or omissions of Big D Electric, Inc., n/k/a K D Brewer Enterprises, Inc., Big D Right of Way Services, Inc., n/k/a D L Brewer Enterprises, Inc., BHMG Engineers, Inc., BHMG Electric, LLC, n/k/a Big D Electric, LLC, and/or BHMG Row, LLC (a/k/a Big D Right of Way, LLC), n/k/a Big D Row, LLC, described above, for which Altec, Inc. is entitled to contribution pursuant to the Illinois Joint Tortfeasor Contribution Act.

WHEREFORE, Defendant/Third-Party Plaintiff Altec, Inc. prays that in the event a judgment or verdict is entered against it and in favor of Plaintiff Eric DuClos, that a judgment be entered against Third-Party Defendants Big D Electric, Inc., n/k/a K D Brewer Enterprises, Inc., BHMG Engineers, Inc., and BHMG Electric, LLC, n/k/a Big D Electric, LLC, in an amount equal to the amount of Big D Electric, Inc.'s statutory liability under the Workers' Compensation Act, and that a judgment be entered against Third-Party Defendants Big D Right of Way Services, Inc., n/k/a D L Brewer Enterprises, Inc., BHMG ROW, LLC (a/k/a Big D Right of Way, LLC), n/k/a Big D ROW, LLC, in an amount equal to their *pro rata* shares of the common tort liability as provided by the Illinois Joint Tortfeasor Contribution Act, that the Court award Altec, Inc. its costs, and for such other and further relief this Court deems just and proper.

7752938.1

## COUNT III

**J.J. Kane's Claim for Contribution against Big D Electric, Inc., n/k/a K D Brewer Enterprises, Inc., Big D Right of Way Services, Inc., n/k/a D L Brewer Enterprises, Inc., BHMG Engineers, Inc., BHMG Electric, LLC, n/k/a Big D Electric, LLC, and BHMG Row, LLC (a/k/a Big D Right of Way, LLC), n/k/a Big D Row, LLC**

COMES NOW Defendant/Third-Party Plaintiff J.J. Kane Associates, Inc. d/b/a J.J. Kane Auctioneers ("J.J. Kane"), by its attorneys, Sandberg Phoenix & von Gontard P.C. and Hood Law Firm LLC, and for its Third-Party Complaint for Contribution in Count III against Third-Party Defendants Big D Electric, Inc., n/k/a K D Brewer Enterprises, Inc., Big D Right of Way Services, Inc., n/k/a D L Brewer Enterprises, Inc., BHMG Engineers, Inc., BHMG Electric, LLC, n/k/a Big D Electric, LLC, and BHMG Row, LLC (a/k/a Big D Right of Way, LLC), n/k/a Big D Row, LLC, states as follows:

49.     J.J. Kane restates and incorporates by reference the allegations of Paragraphs 1 through 20, inclusive, as if fully set forth in paragraph 49.

50.     This Court has jurisdiction over the Third Party Defendants under Rule 14 of the Federal Rules of Civil Procedure.

51.     Plaintiff filed his Complaint in Williamson County where the Incident is alleged to have occurred; this case was removed to the United States District Court for the Southern District of Illinois on October 21, 2016, in accordance with 28 U.S.C. §§ 93(c), 1332, 1441, and 1446.

52.     Big D Right of Way Services, Inc. purchased the subject aerial device, owned the subject aerial device on the date of the Incident, and the subject aerial device was being used by Big D Electric, Inc., and its employees, agents, and/or servants at the time of the Incident.

7752938.1

53.     At the time of the Incident, Big D Electric, Inc. was Plaintiff's employer, was doing business in Williamson County, Illinois, and allowed and/or provided the subject aerial device to Plaintiff to use and perform his work there on that day (see <u>Ex. A</u>, Count I, ¶ 16).

54.     On or about October 9, 2012, Plaintiff was working for Big D Electric, Inc. and operating the aerial device allegedly involved in the Incident (see <u>Ex. A</u>, Count I, ¶¶ 1, 16).

55.     Purportedly on or about October 9, 2012, while operating the aerial device and working for Big D Electric, Inc., Plaintiff was injured in the Incident (see <u>Ex. A</u>, Count I, ¶¶ 1, 16).

56.     At the time of the Incident, Big D Electric, Inc., n/k/a K D Brewer Enterprises, Big D Right of Way Services, Inc., n/k/a D L Brewer Enterprises, Inc., BHMG Engineers, Inc., BHMG Electric, LLC, n/k/a Big D Electric, LLC, and/or BHMG Row, LLC (a/k/a Big D Right of Way, LLC), n/k/a Big D Row, LLC, owed legal duties to Plaintiff to train and supervise Plaintiff and to provide a safe working environment and equipment including but not limited to training and supervising Plaintiff's work, training Plaintiff in operating and safe handling of the subject aerial device, and to provide service, maintenance and/or repair work for the subject aerial device.

57.     At the time of the Incident, Big D Electric, Inc., n/k/a K D Brewer Enterprises, Big D Right of Way Services, Inc., n/k/a D L Brewer Enterprises, Inc., BHMG Engineers, Inc., BHMG Electric, LLC, n/k/a Big D Electric, LLC, and/or BHMG Row, LLC (a/k/a Big D Right of Way, LLC), n/k/a Big D Row, LLC, owed legal duties to Plaintiff, as the employer and/or owner or provider of the subject aerial device, to ensure the subject aerial device was in safe operating condition, and to provide repair and/or maintenance work for the subject aerial device.

58.     As a direct and proximate result of one or more of Big D Electric, Inc., n/k/a K D Brewer Enterprises, Big D Right of Way Services, Inc., n/k/a D L Brewer Enterprises, Inc., BHMG Engineers, Inc., BHMG Electric, LLC, n/k/a Big D Electric, LLC, and/or BHMG Row, LLC (a/k/a Big D Right of Way, LLC), n/k/a Big D Row, LLC's negligent acts and/or omissions as described herein, Plaintiff was injured.

59.     On and/or prior to the time of the Incident, Big D Electric, Inc., n/k/a K D Brewer Enterprises, Big D Right of Way Services, Inc., n/k/a D L Brewer Enterprises, Inc., BHMG Engineers, Inc., BHMG Electric, LLC, n/k/a Big D Electric, LLC, and/or BHMG Row, LLC (a/k/a Big D Right of Way, LLC), n/k/a Big D Row, LLC, by and through their agents, servants, and employees committed one or more of the following negligent acts and/or omissions in breach of their duties to Plaintiff:

    a.   failing to warn its employees regarding the risk of operating aerial devices without properly using Personal Protective Equipment (rubber gloves, rubber sleeves, line hoses/guards, rubber blankets, etc.) while working on and around energized power lines;

    b.   failing to warn its employees regarding the risk of operating aerial devices without wearing rubber gloves and sleeves when sagging an indirectly grounded new wire installed on a utility pole in and around energized power lines;

    c.   failing to instruct its employees to follow ALBAT's training, Local 702 rules, safety rules, safety placards, instructions, and industry accepted procedures;

    d.   failing to obtain, provide, and require its employees to review an insulated aerial device and/or digger derrick operator's manual and/or maintenance manual;

    e.   ignoring the aerial device manufacturer's specifications and instructions, including but not limited to the aerial device operator's manual and on-product warnings, regarding proper and safe use of the aerial device while working on and around energized power lines;

18

f.   failing to employ and enforce a mandatory policy of using, inspecting, and replacing fiberglass line hoses/guards and fiberglass covers when working with aerial devices on and around energized power lines;

g.   failing to employ and enforce a mandatory policy of notifying supervisors of the need to replace fiberglass covers and/or to replace worn or illegible decals on aerial devices on Big D Electric, Inc.'s fleet including the subject aerial device;

h.   disregarding OSHA guidelines, industry accepted procedures, ANSI standards, ALBAT training, Local 702 rules, clearance rules, and minimum approach distances regarding proper and safe operation of aerial devices while on or around energized power lines;

i.   failing to sufficiently train or instruct its employees regarding proper and safe operation of the subject aerial device while on or around energized power lines, and regarding the meaning and purpose of, and need to comply with, warning decals located on the subject aerial device and other warnings;

j.   failing to sufficiently train or instruct its employees regarding the use, the number of, the positioning, or re-positioning of protective covers or line hoses/guards over energized conductors while working on or around energized power lines;

k.   failing to sufficiently train or instruct its employees regarding working with a spotter on the ground while linemen are in the platform in an insulated aerial device working on or around energized power lines;

l.   failing to sufficiently train and instruct its employees to hold tailgate meetings to discuss the day's work and potential hazards inherent in the job;

m.  failing to sufficiently supervise its employees regarding proper and safe operation of the subject aerial device while working on or around energized power lines installing new lines;

n.   failing to obtain, teach, train, and instruct its employees including Plaintiff about, and failing to ensure compliance with, safety training in Altec's operator's manuals and other safety materials available to Big D Electric, Inc. and as addressed and set forth in the Altec Sentry Product Update Program correspondence dated January 16, 2006, which Big D Electric, Inc. received from Altec Industries, Inc.;

o.   failing to service, maintain, and/or repair the subject aerial device; and

p.   otherwise being negligent.

19

7752938.1

60.     As a direct and proximate result of one or more of Big D Electric, Inc., n/k/a K D Brewer Enterprises, Big D Right of Way Services, Inc., n/k/a D L Brewer Enterprises, Inc., BHMG Engineers, Inc., BHMG Electric, LLC, n/k/a Big D Electric, LLC, and/or BHMG Row, LLC (a/k/a Big D Right of Way, LLC), n/k/a Big D Row, LLC's negligent acts and/or omissions, Plaintiff was injured, allegedly incurring damages including loss of his right arm, severe burns, medical expenses, and lost wages (see Ex. A, Count II, ¶ 19).

61.     At the time of the Incident, there was in full force and effect a statute entitled the Illinois Joint Tortfeasor Contribution Act, 740 ILCS 100/0.01, *et seq.*

62.     By virtue of the circumstances described above, if J.J. Kane is found liable to Plaintiff in any amount whatsoever, which liability J.J. Kane continues to expressly deny, then such damages are the direct and proximate result of the negligent acts and/or omissions of Big D Electric, Inc., n/k/a K D Brewer Enterprises, Big D Right of Way Services, Inc., n/k/a D L Brewer Enterprises, Inc., BHMG Engineers, Inc., BHMG Electric, LLC, n/k/a Big D Electric, LLC, and/or BHMG Row, LLC (a/k/a Big D Right of Way, LLC), n/k/a Big D Row, LLC, described above, for which J.J. Kane is entitled to contribution pursuant to the Illinois Joint Tortfeasor Contribution Act.

WHEREFORE, Defendant/Third-Party Plaintiff J.J. Kane Associates, Inc. d/b/a J.J. Kane Auctioneers prays that in the event a judgment or verdict is entered against it and in favor of Plaintiff Eric DuClos, that a judgment be entered against Third-Party Defendant Big D Electric, Inc., n/k/a K D Brewer Enterprises, Inc., BHMG Engineers, Inc., and BHMG Electric, LLC, n/k/a Big D Electric, LLC, in an amount equal to the amount of Big D Electric, Inc.'s statutory liability under the Workers' Compensation Act, and that a judgment be entered against Third-Party Defendants Big D right of Way Services, Inc., n/k/a D L Brewer Enterprises, Inc., BHMG

ROW, LLC (a/k/a Big D Right of Way, LLC), n/k/a Big D ROW, LLC, in an amount equal to their *pro rata* shares of the common tort liability as provided by the Illinois Joint Tortfeasor Contribution Act, that the Court award J.J. Kane its costs, and for such other and further relief this Court deems just and proper.

## COUNT IV

### J.J. Kane's Claim of Express Indemnity against Big D Electric, Inc., n/k/a K D Brewer Enterprises, Inc., Big D Right of Way Services, Inc., n/k/a D L Brewer Enterprises, Inc., BHMG Engineers, Inc., BHMG Electric, LLC, n/k/a Big D Electric, LLC, and BHMG Row, LLC (a/k/a Big D Right of Way, LLC), n/k/a Big D Row, LLC

COMES NOW Defendant/Third-Party Plaintiff J.J. Kane Associates, Inc. d/b/a J.J. Kane Auctioneers ("J.J. Kane"), by its attorneys, Sandberg Phoenix & von Gontard P.C. and Hood Law Firm LLC, and for its Third-Party Complaint for Express Indemnity in Count IV against Third-Party Defendants Big D Electric, Inc., n/k/a K D Brewer Enterprises, Inc., Big D Right of Way Services, Inc., n/k/a D L Brewer Enterprises, Inc., BHMG Engineers, Inc., BHMG Electric, LLC, n/k/a Big D Electric, LLC, and BHMG Row, LLC (a/k/a Big D Right of Way, LLC), n/k/a Big D Row, LLC, states as follows:

63.     J.J. Kane restates and incorporates by reference the allegations of Paragraphs 1 through 20, inclusive, as if fully set forth in paragraph 63.

64.     This Court has jurisdiction over the Third Party Defendants under Rule 14 of the Federal Rules of Civil Procedure.

65.     Plaintiff filed his Complaint in Williamson County where the Incident is alleged to have occurred; this case was removed to the United States District Court for the Southern District of Illinois on October 21, 2016, in accordance with 28 U.S.C. §§ 93(c), 1332, 1441, and 1446.

7752938.1

66.     Big D Right of Way Services, Inc. purchased the subject aerial device, owned the subject aerial device on the date of the Incident, and the subject aerial device was being used by Big D Electric, Inc., and its employees, agents, and/or servants at the time of the Incident.

67.     At the time of the Incident, Big D Electric, Inc. was Plaintiff's employer, was doing business in Williamson County, Illinois, and allowed and/or provided the subject aerial device to Plaintiff to use and perform his work there on that day (see Ex. A, Count I, ¶ 16).

68.     On or about October 9, 2012, Plaintiff was working for Big D Electric, Inc. and operating the subject aerial device allegedly involved in the Incident (see Ex. A, Count I, ¶¶ 1, 16).

69.     As of the time of the Incident alleged in Plaintiff's Complaint, and at all times relevant hereto, Big D Electric, Inc. and/or Big D Right of Way Services, Inc., as buyer, and J.J. Kane, as auctioneer, had executed a Bill of Sale for two aerial devices for the price of $58,300. A copy of the Bill of Sale dated November 20, 2008 is attached hereto as Exhibit B.

70.     One of the aerial devices referenced in the Bill of Sale (Exhibit B), purchased for $35,200, is alleged to be the subject aerial device Plaintiff was using and operating on the day of the Incident.  The Bill of Sale (Exhibit B) references and applies to the subject aerial device.

71.     The Bill of Sale (Exhibit B) provides in pertinent part and contains the following express indemnity provisions: "All items … have been purchased "AS-IS" and 'WHERE-IS' with or without any and all faults … Purchaser assumes all liability whatsoever resulting from the possession use or disposition of items bought.  Purchaser agrees to release, waive rights against, indemnify, and hold harmless the auctioneer and sellers. Purchaser assumes all responsibility for compliance with recommendations, bulletins, and notices provided by the product manufacturer and is not relying on the Seller or any previous owner" (see Ex. B).

72.   Daniel Brewer, president and owner of Big D Electric, Inc. and/or Big D Right of Way Services, Inc., signed the Bill of Sale as the representative of Big D Electric, Inc. and/or Big D Right of Way Services, Inc. immediately beneath the express provisions referenced above (see Ex. B).

73.   Along with payment of $35,200 for the subject aerial device and with execution of the Bill of Sale, Daniel Brewer, as president and owner of Big D Electric, Inc. and/or Big D Right of Way Services, Inc. obtained the keys, certificate of title to, and ownership of the subject aerial device from the seller on the certificate of title.

74.   Following the execution of the Bill of Sale, Plaintiff brought the underlying action against J.J. Kane as the alleged auctioneer of the subject aerial device, alleging J.J. Kane has liability arising from Big D Electric, Inc.'s or Plaintiff's possession, use, or disposition of the subject aerial device.

75.   In accordance with the express indemnity provisions listed in the Bill of Sale to which Big D Electric, Inc. and/or Big D Right of Way Services, Inc. agreed, Big D Electric, Inc., n/k/a K D Brewer Enterprises, Inc., Big D Right of Way Services, Inc., n/k/a D L Brewer Enterprises, Inc., BHMG Engineers, Inc., BHMG Electric, LLC, n/k/a Big D Electric, LLC, and/or BHMG Row, LLC (a/k/a Big D Right of Way, LLC), n/k/a Big D Row, LLC, assumed all liability for the Incident and has agreed to hold J.J. Kane harmless (see Ex. B).

76.   As of the time of the Incident alleged in Plaintiff's Complaint, and at all times relevant hereto, Big D Electric, Inc. and/or Big D Right of Way Services, Inc., as buyer, and Westar Energy, f/k/a Western Resources, as seller, had executed a Bill of Sale for an aerial device.  A copy of the Bill of Sale dated November 20, 2008, along with the Certificate of Title, is attached hereto as Exhibit C.

7752938.1

77.    The aerial device referenced in the Bill of Sale (Exhibit C) is alleged to be the subject aerial device Plaintiff was using and operating on the day of the Incident.  The Bill of Sale (Exhibit C) references and applies to the subject aerial device.

78.    The Bill of Sale (Exhibit C) provides in pertinent part and contains the following express indemnity provisions: "The Purchaser purchases the equipment described above as is and with all faults … Purchaser acknowledges that he/she has examined such equipment as fully as Purchaser desired, and assumes all liability herewith.  Purchaser holds harmless Seller and its officers, directors, employees, agents and representatives, of any incidents involving said property subsequent to the sale closing, effective on the date of execution by Purchaser." (see Ex. C.)

79.    Daniel Brewer, president and owner of Big D Electric, Inc. and/or Big D Right of Way Services, Inc. signed the Bill of Sale as the representative of Big D Electric, Inc. and/or Big D Right of Way Services Inc. immediately beneath the express provisions referenced above (see Ex. C).

80.    Along with payment of $35,200 for the subject aerial device and with execution of the Bill of Sale, Daniel Brewer, as president and owner of Big D Electric, Inc. and/or Big D Right of Way Services, Inc. obtained the keys, certificate of title to, and ownership of the subject aerial device from the seller.

81.    Following the execution of the Bill of Sale (Exhibit C), Plaintiff brought the underlying action against J.J. Kane as the alleged auctioneer of the subject aerial device, alleging J.J. Kane has liability arising from Big D Electric, Inc.'s or Plaintiff's possession, use, or disposition of the subject aerial device.

7752938.1

82.     In accordance with the express indemnity provisions listed in the Bill of Sale (Ex. C), to which Big D Electric, Inc. and/or Big D Right of Way Services, Inc. agreed, Big D Electric, Inc., n/k/a K D Brewer Enterprises, Inc., Big D Right of Way Services, Inc., n/k/a D L Brewer Enterprises, Inc., BHMG Engineers, Inc., BHMG Electric, LLC, n/k/a Big D Electric, LLC, and/or BHMG Row, LLC (a/k/a Big D Right of Way, LLC), n/k/a Big D Row, LLC, assumed all liability for the Incident and has agreed to hold J.J. Kane harmless (see Ex. C).

83.     Pursuant to the Bills of Sale (Exhibits B and C) and by virtue of principles of indemnity under the Bills of Sale and common law, J.J. Kane is entitled to indemnification from Big D Electric, Inc., n/k/a K D Brewer Enterprises, Inc., Big D Right of Way Services, Inc., n/k/a D L Brewer Enterprises, Inc., BHMG Engineers, Inc., BHMG Electric, LLC, n/k/a Big D Electric, LLC, and/or BHMG Row, LLC (a/k/a Big D Right of Way, LLC), n/k/a Big D Row, LLC, for all sums that J.J. Kane may be held liable to pay Plaintiff for any injuries and damages alleged, as well as attorney's fees and costs incurred by J.J. Kane in defending such claims.

WHEREFORE, Defendant/Third-Party Plaintiff J.J. Kane Associates, Inc. d/b/a J.J. Kane Auctioneers prays that in the event Plaintiff Eric DuClos recovers a judgment or verdict, J.J. Kane be awarded a judgment against Third-Party Defendants Big D Electric, Inc., n/k/a K D Brewer Enterprises, Inc., Big D Right of Way Services, Inc., n/k/a D L Brewer Enterprises, Inc., BHMG Engineers, Inc., BHMG Electric, LLC, n/k/a Big D Electric, LLC, and/or BHMG Row, LLC (a/k/a Big D Right of Way, LLC), n/k/a Big D Row, LLC, for the entirety of any liability in accordance with the indemnification provisions of the Bills of Sale attached hereto as Exhibits B and C, that the Court award J.J. Kane its attorney's fees, expenses, and costs incurred in defending this case, and such other and further relief this Court deems just and proper.

**DEFENDANTS/THIRD-PARTY PLAINTIFFS DEMAND A TRIAL BY JURY ON ALL COUNTS SO TRIABLE.**

SANDBERG PHOENIX & von GONTARD P.C.

By:   */s/ Mary Anne Mellow*
Mary Anne Mellow
Timothy C. Sansone
Laura J. Gust
600 Washington Avenue - 15th Floor
St. Louis, MO  63101-1313
314-231-3332
314-241-7604 (Fax)
E-mail:  mmellow@sandbergphoenix.com
tsansone@sandbergphoenix.com
lgust@sandbergphoenix.com

and

HOOD LAW FIRM LLC
Robert H. Hood
(admitted *pro hac vice*) #6314783
Robert H. Hood, Jr.
(admitted *pro hac vice*)#6314782
James Hood
admitted *pro hac vice*) #6314781
172 Meeting Street
Charleston, SC 29401
843-577-1201 – Robert Hood
843-577-1219 – Robert Hood, Jr.
bobby.hood@hoodlaw.com
bobbyjr.hood@hoodlaw.com
james.hood@hoodlaw.com

*Attorneys for Defendants and Third-Party Plaintiffs*
*Altec Industries, Inc., Altec, Inc., and J.J. Kane*
*Associates, Inc. d/b/a J.J. Kane Auctioneers*

**<u>Certificate of Service</u>**

I certify that on the 21st day of August 2017, this document was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following:

Mr. Thomas Q. Keefe, Jr.
Ms. Kelly T. Crosby
Keefe, Keefe & Unsell P.C.
#6 Executive Woods Court
Belleville, IL 62226
isuedocs77@gmail.com
*Attorneys for Plaintiff*

Mr. Michael D. Cerulo
Baty, Holm, Numrich & Otto P.C.
231 S. Bemiston Ave., Ste. 1100
St. Louis, MO 63105
mcerulo@Batyholm.com
*Attorneys for Third-Party Defendants*

*/s/ Mary Anne Mellow*

7752938.1