# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ERIC DUCLOS, )<br>)<br> Plaintiff, )<br>)  Cause No. 16-1162<br>v. )<br>)<br>ALTEC INDUSTIRES, INC., ALTEC, )<br>INC., and J.J. KANE ASSOCIATES, INC., )<br>d/b/a J.J. KANE AUCTIONEERS, )<br>)<br> Defendants and )<br> Third Party Plaintiffs, )<br>)<br>v. )<br>)<br>BIG D ELECTRIC, INC., n/k/a K D )<br>BREWER ENTERPRISES, INC., and BIG )<br>D RIGHT OF WAY SERVICES, INC., )<br>n/k/a D L BREWER ENTERPRISES, INC., )<br>BHMG ENGINEERS, INC., )<br>BHMG ELECTRIC, LLC n/k/a BIG D )<br>ELECTRIC, LLC and )<br>BHMG ROW, LLC n/k/a BIG D ROW, )<br>LLC, )<br>)<br> Third Party Defendants. ) | |

**THIRD-PARTY DEFENDANTS BIG D ELECTRIC, INC. AND BIG D RIGHT OF WAY SERVICES, INC.'S AMENDED ANSWER TO FIRST AMENDED THIRD-PARTY COMPLAINT**

    COME NOW Third Party Defendants Big D Electric, Inc. n/k/a K D Brewer Enterprises,

Inc., and Big D Right of Way Services, Inc. n/k/a D L Brewer Enterprises, Inc. (collectively

"Third-Party Defendants"), by and through the undersigned counsel, and for their Amended

Answer to Defendants/Third-Party Plaintiffs Altec, Inc., Altec Industries, Inc. and J.J. Kane

Associates, Inc. d/b/a J.J. Kane Auctioneers' (collectively "Defendants") First Amended Third-

Party Complaint, state as follows:

1. Third-Party Defendants admit that Plaintiff filed his Complaint against Defendants in the Circuit Court of Williamson County, Illinois on September 23, 2016.

2. Third-Party Defendants admit Defendants' characterization of Plaintiff's Complaint contained in Paragraph 2 of the First Amended Third-Party Complaint.

3. Third-Party Defendants admit Defendants' characterization of Plaintiff's Complaint contained in Paragraph 3 of the First Amended Third-Party Complaint.

4. Third-Party Defendants admit Defendants' characterization of Plaintiff's Complaint contained in Paragraph 4 of the First Amended Third-Party Complaint.

5. Third-Party Defendants admit Defendants' characterization of Plaintiff's Complaint contained in Paragraph 5 of the First Amended Third-Party Complaint.

6. Third-Party Defendants state that the documents identified as "Bills of Sale" in Paragraph 6 of the First Amended Third-Party Complaint speak for themselves and are the own best evidence of their contents. Third-Party Defendants deny Defendants' characterization of any such documents.

7. Third-Party Defendants admit Defendants' characterization of Plaintiff's Complaint contained in Paragraph 7 of the First Amended Third-Party Complaint. Third-Party Defendants further admit that Defendant Altec Industries, Inc. has filed responsive pleadings as alleged.

8. Third-Party Defendants admit Defendants' characterization of Plaintiff's Complaint contained in Paragraph 8 of the First Amended Third-Party Complaint. Third-Party Defendants further admit that Defendant Altec, Inc. has filed a responsive pleading as alleged.

9. Third-Party Defendants admit Defendants' characterization of Plaintiff's Complaint contained in Paragraph 9 of the First Amended Third-Party Complaint. Third-Party

Defendants further admit that Defendant J.J. Kane Associates, Inc. has filed responsive pleadings as alleged.

    10.    Third-Party Defendants admit Defendants' characterization of Defendants' response to Plaintiff's Complaint contained in Paragraph 10 of the First Amended Third-Party Complaint.

    11.    Third-Party Defendants admit the allegations contained in Paragraph 11 of the First Amended Third-Party Complaint.

    12.    Third-Party Defendants are without information or knowledge sufficient to form a belief as to the allegations contained in Paragraph 12 of the First Amended Third-Party Complaint and, therefore, deny the same.

    13.    Third-Party Defendants admit the allegations contained in Paragraph 13 of the First Amended Third-Party Complaint.

    14.    Third-Party Defendants deny the allegations contained in Paragraph 14 of the First Amended Third-Party Complaint.

    15.    Third-Party Defendants are without information or knowledge sufficient to form a belief as to the allegations contained in Paragraph 15 of the First Amended Third-Party Complaint and, therefore, deny the same.

    16.    Third-Party Defendants admit the allegations contained in Paragraph 16 of the First Amended Third-Party Complaint.

    17.    Third-Party Defendants admit the allegations contained in Paragraph 17 of the First Amended Third-Party Complaint.

    18.    Third-Party Defendants admit the allegations contained in Paragraph 18 of the First Amended Third-Party Complaint.

19. Third-Party Defendants admit that Big D Right of Way Services, Inc. n/k/a D L Brewer Enterprises, Inc. sold assets, including the subject aerial device, to BHMG ROW, LLC. Third-Party Defendants deny that Big D Right of Way Services, Inc. n/k/a D L Brewer Enterprises, Inc. sold, transferred or conveyed liabilities to BHMG ROW, LLC. In accordance with Fed.R.Civ.P. 8(b)(5), Third-Party Defendants state that they are without sufficient information to either admit or deny the remaining allegations contained in Paragraph 19 of the First Amended Third-Party Complaint.

20. Third-Party Defendants are without information or knowledge sufficient to form a belief as to the allegations contained in Paragraph 15 of the First Amended Third-Party Complaint and, therefore, deny the same.

## COUNT I
## Altec Industries, Inc.'s Claim for Contribution against Third-Party Defendants

21. Third-Party Defendants incorporate by reference their answers to Paragraphs 1 through 20 of Defendants' First Amended Third-Party Complaint, as if fully alleged herein.

22. The allegations contained in Paragraph 22 of the First Amended Third-Party Complaint consist of legal conclusions to which no response is required. To the extent any further response is required from the Third-Party Defendants, the allegations contained in Paragraph 22 are denied.

23. Third-Party Defendants admit the allegations contained in Paragraph 23 of the Third-Party Complaint.

24. Third-Party Defendants admit the allegations contained in Paragraph 24 of the First Amended Third-Party Complaint.

25. Third-Party Defendants admit the allegations contained in Paragraph 25 of the First Amended Third-Party Complaint.

26. Third-Party Defendants admit the allegations contained in Paragraph 26 of the First Amended Third-Party Complaint.

27. Third-Party Defendants admit the allegations contained in Paragraph 27 of the First Amended Third-Party Complaint.

28. Third-Party Defendants deny the allegations contained in Paragraph 28 of the First Amended Third-Party Complaint.

29. Third-Party Defendants deny the allegations contained in Paragraph 29 of the First Amended Third-Party Complaint.

30. Third-Party Defendants deny the allegations contained in Paragraph 30 of the First Amended Third-Party Complaint.

31. Third-Party Defendants deny the allegations contained in Paragraph 31 of the First Amended Third-Party Complaint, including all subparts thereto.

32. Third-Party Defendants deny the allegations contained in Paragraph 32 of the First Amended Third-Party Complaint.

33. The allegations contained in Paragraph 33 of the First Amended Third-Party Complaint consist of legal conclusions to which no response is required.  To the extent any further response is required from the Third-Party Defendants, the allegations contained in Paragraph 33 are denied.

34. Third-Party Defendants deny the allegations contained in Paragraph 34 of the First Amended Third-Party Complaint.

## COUNT II
### Altec, Inc.'s Claim for Contribution against Third-Party Defendants

35. Third-Party Defendants incorporate by reference their answers to Paragraphs 1 through 34 of Defendants' First Amended Third-Party Complaint, as if fully alleged herein.

36. The allegations contained in Paragraph 36 of the First Amended Third-Party Complaint consist of legal conclusions to which no response is required. To the extent any further response is required from the Third-Party Defendants, the allegations contained in Paragraph 36 are denied.

37. Third-Party Defendants admit the allegations contained in Paragraph 37 of the First Amended Third-Party Complaint.

38. Third-Party Defendants admit the allegations contained in Paragraph 38 of the First Amended Third-Party Complaint.

39. Third-Party Defendants admit the allegations contained in Paragraph 39 of the First Amended Third-Party Complaint.

40. Third-Party Defendants admit the allegations contained in Paragraph 40 of the First Amended Third-Party Complaint.

41. Third-Party Defendants admit the allegations contained in Paragraph 41 of the First Amended Third-Party Complaint.

42. Third-Party Defendants deny the allegations contained in Paragraph 42 of the First Amended Third-Party Complaint.

43. Third-Party Defendants deny the allegations contained in Paragraph 43 of the First Amended Third-Party Complaint.

44. Third-Party Defendants deny the allegations contained in Paragraph 44 of the First Amended Third-Party Complaint.

45. Third-Party Defendants deny the allegations contained in Paragraph 45 of the First Amended Third-Party Complaint, including all subparts thereto.

46. Third-Party Defendants deny the allegations contained in Paragraph 46 of the First Amended Third-Party Complaint.

47. The allegations contained in Paragraph 47 of the First Amended Third-Party Complaint consist of legal conclusions to which no response is required. To the extent any further response is required from the Third-Party Defendants, the allegations contained in Paragraph 47 are denied.

48. Third-Party Defendants deny the allegations contained in Paragraph 48 of the First Amended Third-Party Complaint.

## COUNT III
### J.J. Kane Associates, Inc.'s Claim for Contribution against Third-Party Defendants

49. Third-Party Defendants incorporate by reference their answers to Paragraphs 1 through 48 of Defendants' First Amended Third-Party Complaint, as if fully alleged herein.

50. The allegations contained in Paragraph 50 of the First Amended Third-Party Complaint consist of legal conclusions to which no response is required. To the extent any further response is required from the Third-Party Defendants, the allegations contained in Paragraph 50 are denied.

51. Third-Party Defendants admit the allegations contained in Paragraph 51 of the First Amended Third-Party Complaint.

52. Third-Party Defendant admit the allegations contained in Paragraph 52 of the First Amended Third-Party Complaint.

53. Third-Party Defendant admit the allegations contained in Paragraph 53 of the First Amended Third-Party Complaint.

54. Third-Party Defendants admit the allegations contained in Paragraph 54 of the First Amended Third-Party Complaint.

55. Third-Party Defendants admit the allegations contained in Paragraph 55 of the First Amended Third-Party Complaint.

56. Third-Party Defendant deny the allegations contained in Paragraph 56 of the First Amended Third-Party Complaint.

57. Third-Party Defendant deny the allegations contained in Paragraph 57 of the First Amended Third-Party Complaint.

58. Third-Party Defendants deny the allegations contained in Paragraph 58 of the First Amended Third-Party Complaint.

59. Third-Party Defendants deny the allegations contained in Paragraph 59 of the First Amended Third-Party Complaint, including all subparts thereto.

60. Third-Party Defendants deny the allegations contained in Paragraph 60 of the First Amended Third-Party Complaint.

61. The allegations contained in Paragraph 61 of the First Amended Third-Party Complaint consist of legal conclusions to which no response is required.  To the extent any further response is required from the Third-Party Defendants, the allegations contained in Paragraph 61 are denied.

62. Third-Party Defendants deny the allegations contained in Paragraph 62 of the First Amended Third-Party Complaint.

## COUNT IV
## J.J. Kane Associates, Inc.'s Claim for Express Indemnity against Third-Party Defendants

63. Third-Party Defendants incorporate by reference their answers to Paragraphs 1 through 62 of Defendants' First Amended Third-Party Complaint, as if fully alleged herein.

64. The allegations contained in Paragraph 64 of the First Amended Third-Party Complaint consist of legal conclusions to which no response is required.  To the extent any

further response is required from the Third-Party Defendants, the allegations contained in Paragraph 64 are denied.

65. Third-Party Defendants admit the allegations contained in Paragraph 65 of the First Amended Third-Party Complaint.

66. Third-Party Defendants admit the allegations contained in Paragraph 66 of the First Amended Third-Party Complaint.

67. Third-Party Defendants admit the allegations contained in Paragraph 67 of the First Amended Third-Party Complaint.

68. Third-Party Defendants admit the allegations contained in Paragraph 68 of the First Amended Third-Party Complaint.

69. Third-Party Defendants state that the document identified as the "Bill of Sale" in Paragraph 69 of the First Amended Third-Party Complaint speaks for itself and is the own best evidence of its contents. Third-Party Defendants deny Defendants' characterization of any such document.

70. Third-Party Defendants state that the document identified as the "Bill of Sale" in Paragraph 70 of the First Amended Third-Party Complaint speaks for itself and is the own best evidence of its contents. Third-Party Defendants deny Defendants' characterization of any such document.

71. Third-Party Defendants state that the document identified as the "Bill of Sale" in Paragraph 71 of the First Amended Third-Party Complaint speaks for itself and is the own best evidence of its contents. Third-Party Defendants deny Defendants' characterization of any such document.

72. Third-Party Defendants state that the document identified as the "Bill of Sale" in Paragraph 72 of the First Amended Third-Party Complaint speaks for itself and is the own best evidence of its contents. Third-Party Defendants deny Defendants' characterization of any such document.

73. Third-Party Defendants deny the allegations contained in Paragraph 73 of the First Amended Third-Party Complaint.

74. Third-Party Defendants state that the Plaintiff's allegations against J.J. Kane Associates, Inc. speak for themselves and are the own best evidence of their contents. Third-Party Defendants deny Defendants' characterization of any such allegations.

75. Third-Party Defendants deny the allegations contained in Paragraph 75 of the First Amended Third-Party Complaint.

76. Third-Party Defendants state that the document identified as the "Bill of Sale" in Paragraph 76 of the First Amended Third-Party Complaint speaks for itself and is the own best evidence of its contents. Third-Party Defendants deny Defendants' characterization of any such document.

77. Third-Party Defendants state that the document identified as the "Bill of Sale" in Paragraph 77 of the First Amended Third-Party Complaint speaks for itself and is the own best evidence of its contents. Third-Party Defendants deny Defendants' characterization of any such document.

78. Third-Party Defendants state that the document identified as the "Bill of Sale" in Paragraph 78 of the First Amended Third-Party Complaint speaks for itself and is the own best evidence of its contents. Third-Party Defendants deny Defendants' characterization of any such document.

79. Third-Party Defendants state that the document identified as the "Bill of Sale" in Paragraph 79 of the First Amended Third-Party Complaint speaks for itself and is the own best evidence of its contents. Third-Party Defendants deny Defendants' characterization of any such document.

80. Third-Party Defendants deny the allegations contained in Paragraph 80 of the First Amended Third-Party Complaint.

81. Third-Party Defendants state that the Plaintiff's allegations against J.J. Kane Associates, Inc. speak for themselves and are the own best evidence of their contents. Third-Party Defendants deny Defendants' characterization of any such allegations.

82. Third-Party Defendants deny the allegations contained in Paragraph 82 of the First Amended Third-Party Complaint.

83. Third-Party Defendants deny the allegations contained in Paragraph 83 of the First Amended Third-Party Complaint.

## **AFFIRMATIVE DEFENSES**

1. Third-Party Defendants specifically deny each and every allegation contained in Defendants' First Amended Third-Party Complaint that is not specifically admitted herein.

2. Third-Party Defendants affirmatively state that Defendants' First Amended Third-Party Petition fails to state a claim or cause of action upon which relief may be granted against Third-Party Defendants.

3. Third-Party Defendants affirmatively state that the First Amended Third-Party Petition fails to state a claim because no action or inaction of Third-Party Defendants was the proximate cause of Defendants' damages.

4. Third-Party Defendants affirmatively state that the purported express indemnity provisions contained in the Bills of Sale are not conspicuous or sufficiently clear, concise and unambiguous, and therefore unenforceable against Third-Party Defendants.

5. Third-Party Defendants affirmatively state that the purported express indemnity provisions contained in the Bills of Sale are vague and ambiguous and therefore unenforceable against Third-Party Defendants.

6. Third-Party Defendants affirmatively state that the purported express indemnity provisions contained in the Bills of Sale do not provide that Third-Party Defendants expressly agreed to perform or assume any duties of Defendants and are therefore unenforceable.

7. Third-Party Defendants affirmatively state that the purported express indemnity provisions contained in the Bills of Sale do not provide that Third-Party Defendants expressly agreed to indemnify Defendants from their own negligent acts and/or omissions, and are therefore unenforceable.

8. Third-Party Defendants affirmatively state that the purported express indemnity provisions contained in the Bills of Sale are not supported by any legal consideration, and are therefore unenforceable.

9. Third-Party Defendants affirmatively state that the purported express indemnity provisions contained in the Bills of Sale are unenforceable because there was no meeting of the minds between the parties with respect to any duty of indemnification.

10. Third-Party Defendants affirmatively state that the purported express indemnity provisions contained in the Bills of Sale are void as against public policy.

11. Third-Party Defendants affirmatively state that the Third-Party Complaint fails to state a claim because Third-Party Defendants are immune under Illinois Worker's Compensation Law.

12. Third-Party Defendants affirmatively state that, as Plaintiff's employer, Third-Party Defendant Big D Electric, Inc.'s liability for Defendants' contribution claims is limited to an amount not greater than its workers' compensation liability, pursuant to *Kotecki v. Cyclops Welding Corp.*, 146 Ill.2d 155 (Ill. 1992).

13. Third-Party Defendants affirmatively state that the purported express indemnity provisions contained in the Bills of Sale are unenforceable to require indemnification for Plaintiff's strict liability claims against Defendants as they do not expressly provide for any such indemnification.

14. Third-Party Defendants affirmatively state that the purported express indemnity provisions contained in the Bills of Sale are unenforceable against Third-Party Defendant Big D Electric, Inc. because there is no privity between Defendant J.J. Kane Associates, Inc. and Third-Party Defendant Big D Electric, Inc. and, therefore, there has been a failure of consideration.

15. Third-Party Defendants affirmatively state that the purported express indemnity provision contained in the Bill of Sale attached as Exhibit C to Defendants' First Amended Third-Party Complaint is not enforceable by Defendants as Defendants are not parties or third-party beneficiaries under the terms of the document.

16. Third-Party Defendants affirmatively state that Defendants are not entitled to indemnification of costs, expenses and attorneys' fees as the purported express indemnity provisions contained in the Bills of Sale contain no clear and explicit language requiring for their indemnification.

17. Third-Party Defendants affirmatively state that they reserve the right to assert any different or additional affirmative defenses which are not readily apparent at this time, but which may be revealed during discovery and as this case progresses.

WHEREFORE, Third Party Defendants Big D Electric, Inc. and Big D Right of Way Services, Inc., having responded to each and every allegation contained in Defendants' First Amended Third-Party Complaint and having pled its affirmative defenses, respectfully request that the Court enter judgment in its favor and against Defendants on all claims alleged in Defendants' First Amended Third-Party Complaint and, together with its costs and further relief as this Court deems just and proper.

/s/ Michael D. Cerulo
Michael D. Cerulo (#57536)
BATY, HOLM, NUMRICH & OTTO P.C.
231 S Bemiston Ave., Ste. 1100
St. Louis, MO 63105
Telephone: 314-863-6274
Facsimile: 314-863-6407
mcerulo@batyholm.com
**ATTORNEYS FOR THIRD-PARTY DEFENDANT**

## Certificate of Service

I hereby certify that on the 4th day of January, 2018 the foregoing was electronically filed with the Clerk of the Court to be served by operation of the Court's electronic filing system upon all counsel of record.

/s/ Michael D. Cerulo
Attorneys for Third-Party
Defendants