UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ERIC DUCLOS, ) | |
| ) | |
|    Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| ALTEC INDUSTIRES, INC., ALTEC, ) | |
| INC., and J.J. KANE ASSOCIATES, INC., ) | |
| d/b/a J.J. KANE AUCTIONEERS, ) | |
| ) | |
|    Defendants and ) | Cause No. 16-1162 |
|    Third Party Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| BIG D ELECTRIC, INC., n/k/a K D ) | |
| BREWER ENTERPRISES, INC., and BIG ) | |
| D RIGHT OF WAY SERVICES, INC., ) | |
| n/k/a D L BREWER ENTERPRISES, INC., ) | |
| ) | |
|    Third Party Defendants. ) | |

**THIRD-PARTY DEFENDANTS BIG D ELECTRIC, INC. AND BIG D RIGHT OF WAY, INC.'S MOTION TO EXCLUDE PORTIONS OF EXPERT REPORT AND TESTIMONY OF STEVEN ARNDT**

COME NOW Third-Party Defendants Big D Electric, Inc. and Big D Right of Way Services, Inc., by and through the undersigned counsel, and for their Motion to Exclude Portions of Expert Report and Testimony of Steven Arndt, state as follows:

**I.     INTRODUCTION**

    **a.  Designation of Steven Arndt**

Defendants Altec, Inc., Altec Industries, Inc. and J.J. Kane Associates, Inc. designated Steven Arndt as a retained expert in this matter. Dr. Arndt is an industrial engineer who focuses his engineering practice on human factors. A copy of his curriculum vitae is attached hereto as Exhibit A.

Dr. Arndt reviewed the discovery from this case, including depositions and documents produced by the parties. In his report, he set forth the following conclusions:

1. The system of safety information in place [by Defendants] was sufficient to provide for the reasonably safe use of the aerial device by the expected user population operating in a sufficiently foreseeable manner (Human Factors Analysis of Steven Arndt, attached hereto as Exhibit B, p. 7); and

2. Additional or alternative warning messages and/or warnings channels would not have prevented this incident (Exhibit B, p. 23).

Specifically, Dr. Arndt contends that "there was a systematic organizational failure to read any of the product manuals for the vehicles [on the part of Third-Party Defendants]", "there was an apparent lack of care for the on-product labeling." (Exhibit B, p. 23).

### b. Exclusion of Steven Arndt

Dr. Arndt's proposed opinions noted above (and any similar opinions) should be excluded because they do not meet the standards for admissibility for expert testimony under Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 589 (1993). As will be discussed below, Dr. Arndt's opinions relating to any alleged obligations of Big D Electric, Inc. and Big D Right of Way Services, Inc. should be excluded because they invade the province of the Court or jury, are legal conclusions, exceed the scope of Dr. Arndt's qualifications, and are not based upon a reliable foundation.

## II. LEGAL STANDARD

Under Federal Rule of Evidence 702:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an

> opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

"Before allowing an expert to testify, the trial judge must make a preliminary assessment of whether a proffered expert's methodology is both scientifically valid and applicable to the case." *Daubert v. Merrell Dow Pharm., Inc*., 509 U.S. 579, 592-93 (1993). In *Daubert*, the Supreme Court held that Rule 702 required an expert's opinion to be both relevant and reliable. 509 U.S. at 593. "This entails a preliminary assessment . . . of whether that reasoning or methodology properly can be applied to the facts in issue." *Id*. at 593, n.10. Indeed, the party proffering the expert's testimony must establish the relevance and reliability of the expert and his or her opinions by a preponderance of the evidence. *Id*. at 593. In *General Electric Co. v. Joiner*, the Supreme Court held:

> Nothing in either Daubert or the Federal Rules of Evidence requires a district court to admit opinion evidence that is connected to existing data only by the *ipse dixit* of the expert. As to admissibility of expert opinion, the question is whether there is simply too great an analytical gap between the data and the opinion proffered.

522 U.S. 136, 146 (1997).

The proponent of expert testimony carries the burden to prove its admissibility by a preponderance of the evidence. *Daubert*, 509 U.S. at 592. Although it is true that rejecting expert testimony is the exception rather than the rule, this does not mean that the Court will refrain from granting a motion to exclude expert testimony in an appropriate case, such as when the expert is not qualified or the underlying methodology and application of facts is unreliable. See Fed. R. Evid. 702; *Daubert*, 509 U.S. at 592-93.

### III.   ARGUMENT

Dr. Arndt intends to testify that Big D Electric, Inc. and Big D Right of Way Services, Inc. were obligated to ensure that warnings on its aerial devices were maintained to a specific standard

and that Big D Electric, Inc. and Big D Right of Way Services, Inc. failed to meet obligations imposed upon them for ensuring that warnings were transmitted to and understood by workers operating aerial devices.  These proposed opinions (and any related to them) fail to meet the standards of Rule 702 because they (A) improperly invade the province of the Court or the jury by stating legal conclusions; (B) exceed the scope of Dr. Arndt's qualifications; and (C) lack a reliable basis.

> **a. Mr. Arndt's Proffered Opinions concerning the Alleged Obligations of Big D Electric, Inc. and Big D Right of Way Services, Inc. should be Excluded as Inadmissible Expert Testimony**

By opining on Big D Electric, Inc. and Big D Right of Way Services, Inc.'s purported obligations as an employer of linemen and owner of aerial devices, respectively, Dr. Arndt is attempting to opine on Big D Electric, Inc. and Big D Right of Way Services, Inc.'s legal duties. Dr. Arndt also seeks to testify as to his interpretation of various ANSI standards, and Big D Electric, Inc. and Big D Right of Way Services, Inc.'s alleged obligations under these standards. As this Court is aware, whether such a duty existed is a question of law for this Court, and this Court alone, to determine. *Nichols v. Lowe's Home Center, Inc.*, 407 F.Supp.2d 979, 981 (S.D. Ill. 2006) ("The existence of a duty and the range of protection of that duty in a particular case are questions of law to be resolved by the Court") (quoting *Cobb v. Martin IGA & Frozen Food Center, Inc.*, 337 Ill. App. 3d 306, 271 Ill. Dec. 748, 785 N.E.2d 942, 946 (2003)). Opining on duty is improper for an expert and should be excluded, because experts such as Dr. Arndt are not permitted to make legal conclusions as he proposes to do here. *Good Shepherd Manor Found, Inc. v. City of Momence*, 323 F.3d 557, 564 (7th Cir. 2003) (a district court properly disregarded expert testimony on "purely legal matters" like duty, because "expert testimony as to legal conclusions…is inadmissible"); *Panter v. Marshall Field & Co.*, 646 F.2d 271, 293 n.6 (7th Cir. 1981) ("It is not for [expert] witnesses to instruct the jury as to applicable principles of law, but the judge") (quoting

*Marx & Co. v. Diner's Club, Inc.*, 550 F.2d 505, 509-10 (2d Cir. 1977)); *Mason v. Ashland Exploration, Inc.*, 1991 WL 432113, *2 (S.D. Ill., Jan. 7, 1991) ("it is the Court's province to determine legal duty, not a party's expert").

Likewise, Dr. Arndt seeks to offer opinions that Big D Electric, Inc. and Big D Right of Way Services, Inc. owed duties under ANSI A92.2 (Exhibit B, p. 24). Interpretation and construction of a standard, such as the ANSI standards, involves a legal question appropriate only for the Court. See e.g., *U.S. v. Caputo*, 517 F.3d 935, 942 (7th Cir. 2008) (finding the trial court properly excluded expert testimony stating the expert "would have testified about the meaning of the statute and regulations. That's a subject for the court, not for testimonial experts. (Citation omitted). The only legal expert in a federal courtroom is the judge"); *Bammerlin v. Navistar Intern. Transp. Corp.*, 30 F.3d 898, 900 (7th Cir. 1994) (finding it was a "serious mistake" of the trial court to allow expert testimony on the meaning of federal regulations and stating "[t]he meaning of federal regulations is not a question of fact, to be resolved by the jury after a battle of experts. It is a question of law, to be resolved by the court"). Because this is also an area of legal conclusions improperly made by Dr. Arndt, they should be excluded.

Though Rule 704 removes the absolute prohibition that some older decisions had imposed against opinions on ultimate issues (i.e., by providing that an opinion "is not objectionable because it embraces the ultimate issue"), the Advisory Committee Notes explain that the rule does not "lower the bar so as to admit all opinions." Fed. R. Evid. 704, Advisory Comm. Notes (emphasis added). Rules 701 and 702, which require opinions to be helpful to the jury, and Rule 403, which excludes evidence if its probative value is outweighed by factors such as undue prejudice or waste of time, "afford ample assurances against the admission of opinions which would merely tell the jury what result to reach." *Id*. These rules also "stand ready to exclude opinions phrased in terms

of inadequately explored legal criteria (citations omitted); in other words, an expert may not opine on legal issues on which a judge will instruct the jury." *Elorac, Inc. v. Sanofi-Aventis Canada, Inc.*, 2017 WL 3592775, *17 (N.D. Ill., Aug. 21, 2017) (quoting *United States v. Sinclair*, 74 F.3d 753, 758 n.1 (7th Cir. 1996)). "Thus, an expert may not invade the province of the jury by simply telling it whose side to take on disputed issues of fact, nor may he invade the province of the court by instructing the jury on legal issues; in either case, the expert's testimony is unhelpful." *Elorac*, at *17. Here, Dr. Arndt reached legal conclusions regarding what Big D Electric, Inc. and Big D Right of Way Services, Inc.'s duties supposedly were concerning the operator's manuals, the condition of the decals, and requirements imposed on employees. He then opined that Big D Electric, Inc. and Big D Right of Way Services, Inc. failed to fulfill these alleged duties, in a clear attempt to instruct the jury on what conclusion to reach. Dr. Arndt assumes the role of the Court to define Big D Electric, Inc. and Big D Right of Way Services, Inc. duties, and then assumes the role of the jury, weighing the evidence and coming to a conclusion on whether Big D Electric, Inc. and Big D Right of Way Services, Inc. fulfilled their alleged duties. These proffered opinions are impermissible and will not assist the jury. These are the exact "junk science" opinions that *Daubert* and Rule 702 were intended to exclude; thus, these opinions should be excluded.

### b. Dr. Arndt's Opinions are Outside the Scope of his Qualifications

As provided under Rule 702, Dr. Arndt's proposed opinions must be based upon his "scientific, technical, or specialized knowledge" to be admissible. But here, his proposed opinions on Big D Electric, Inc. and Big D Right of Way Services, Inc.'s obligations and compliance with those alleged obligations are not based upon his "scientific, technical, or specialized knowledge," and thus should be excluded. Dr. Arndt is an industrial engineer, focusing on human factors. There is no connection between Dr. Arndt's specialized knowledge on industrial engineering and his

proposed opinions relating to Big D Electric, Inc. and Big D Right of Way Services, Inc. purported legal duties as the employer of linemen and the owner of aerial devices, respectively.

As such, Dr. Arndt attempts to exceed the scope of his qualifications. Rule 702 does not permit him to offer opinions he is not qualified to offer. His opinions should be excluded on this basis as well.

### c. Dr. Arndt's Opinions have No Reliable Basis

There is no reliable basis upon which Dr. Arndt grounded his proposed opinions regarding Big D Electric, Inc. and Big D Right of Way Services, Inc.'s alleged obligations. They are merely his *ipse dixit* and should be excluded.

Notably, the "gatekeeper" role "inherently require[s] the trial court to conduct an exacting analysis of the foundation of expert opinions to ensure they meet the standards of admissibility under Rule 702." *United States v. Frazier*, 387 F.3d 1244, 1260 (11th Cir. 2004) (emphasis provided). The "key to the gate is not the ultimate correctness of the expert's conclusions. Instead, it is the soundness and care with which the expert arrived at her opinion[.]" *C.W. ex rel. Wood v. Textron, Inc.*, 807 F.3d 827, 834 (7th Cir. 2015) (quoting *Schultz v. Akzo Nobel Paints*, LLC, 721 F.3d 426, 431 (7th Cir. 2013)). In some cases, it may be appropriate to examine whether there is "too great an analytical gap between the data and the opinion proffered." *Wood*, 807 F.3d at 835 (quoting *Gen. Elec. V. Joiner*, 522 U.S. 136, 138, 118 S.Ct. 512, 139 L.Ed.2d 508 (1997)). When such an opinion amounts to nothing more than the *ipse dixit*, of the expert, the court does not abuse its discretion under Daubert when excluding that testimony. *Id*. at 837.

Here, Dr. Arndt has never spoken with anyone from Altec, Inc., Altec, Industries, J.J. Kane Associates, Inc, Big D Electric, Inc. or Big D Right of Way Services, Inc. (Exhibit C, pp. 46-48). Dr. Arndt did not consult with anyone else regarding his proposed opinions, aside from Plaintiff's

counsel. (Exhibit C, pp. 37-38). Most notably, Dr. Arndt did not conduct any investigation into the actual effectiveness of the warnings utilized by the Defendants. (Exhibit C, pp. 56-57). Dr. Arndt has failed to establish a reliable foundation for his opinions relating to the alleged obligations of Big D Electric, Inc. and Big D Right of Way Services, Inc.

WHEREFORE, Third-Party Defendants Big D Electric, Inc. and Big D Right of Way Services, Inc. respectfully request that the Court grant this Motion to Exclude Portions of the Expert Report and Testimony of Steven Arndt.

*/s/ Michael D. Cerulo*
Michael D. Cerulo (#57536)
Erica L. Briscoe (#60683)
BATY, HOLM, NUMRICH & OTTO P.C.
7711 Bonhomme Ave., Suite 901
St. Louis, MO 63105
Telephone:   314-863-6274
Facsimile:   314-863-6407
mcerulo@batyholm.com
***ATTORNEYS FOR THIRD-PARTY DEFENDANTS***

### Certificate of Service

I hereby certify that on the 28th day of February 2020 the foregoing was served via the Court's electronic filing system upon all counsel of record.

*/s/ Michael D. Cerulo*
Attorneys for Third-Party
Defendants